ESTHER Y. McCARTHY, Appellant, *v.* EUGENE McCARTHY, Respondent.

Under the provision of the Code of Civil Procedure (§ 1769), authorizing the court, in an action for divorce, to make an order requiring the husband to pay a sum necessary to enable the wife "to carry on or defend the action," such an allowance may not be made to defray expenses already incurred, unless it appears that their payment is necessary in order to enable the wife further to prosecute or defend.

Where, therefore, in such an action brought by the wife, after the referee had reported in her favor and the report, which required defendant to pay alimony from the commencement of the action, had been confirmed the plaintiff moved "for counsel fees and extra allowance of costs in addition to plaintiff's taxable costs and disbursements." *Held,* that the motion was properly denied.

*It seems* that if after entry of judgment in such case, defendant should appeal and, upon motion then made, it should appear that the wife had incurred expenses which it would be necessary for her to pay in order to maintain or prosecute her rights under the judgment, the court would be authorized to make an allowance, including therein such expenses.

(Argued March 13, 1893 ; decided March 21, 1893.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, made February 7, 1893, which affirmed an order of Special Term, denying a

motion by plaintiff for counsel fees and an extra allowance in an action for divorce.

The facts, so far as material, are stated in the opinion.

*Louis Marshall* for appellant. The denial of plaintiff's motion for an allowance of counsel fees having proceeded upon the sole ground, as recited in the order, that the court did not possess the power to make such allowance, a question of law is presented which is reviewable here. (*Tilton* v. *Beecher*, 59 N. Y. 176; *E. L. Assn.* v. *Stevens*, 63 id. 341; *Tolman* v. *S. B. & N. Y. R. R. Co.*, 92 id. 383.) The plaintiff's application being made before judgment, was made during the pendency of the action within the meaning of section 1769 of the Code of Civil Procedure, and an allowance was warranted, especially in view of the fact that the defendant appealed from the judgment subsequently entered, and is still engaged in carrying on the litigation. (*McBride* v. *McBride*, 55 Hun, 401; 119 N. Y. 519; *Green* v. *Green*, 3 Daly, 358; *Schloemer* v. *Schloemer*, 49 N. Y. 82; *Donnelly* v. *Donnelly*, 63 How. Pr. 481.) The plaintiff having prevailed in the action and being entitled to a decree of divorce, the court had the power to make her an adequate allowance for the counsel fees which she had necessarily incurred in establishing the guilt of her husband and her own innocence, the amount thus demanded being necessary to enable her to carry on the action. (*Germond* v. *Germond*, 1 Paige, 82; *Wood* v. *Wood*, 2 id. 180; *Bray* v. *Bray*, 1 Hagg. 168; *McGee* v. *McGee*, 10 Ga. 488; *Freeman* v. *Freeman*, 8 Abb. (N. C.) 174; *Griffin* v. *Griffin*, 47 N. Y. 134; *Romaine* v. *Chauncey*, 129 id. 566; *Schloemer* v. *Schloemer*, 49 id. 82; *Green* v. *Green*, 3 Daly, 358; *McBride* v. *McBride*, 53 Hun, 448; *Percival* v. *Percival*, 124 N. Y. 637.)

*T. K. Fuller* for respondent. The appeal book does not contain all the moving papers. (Code Civ. Pro. § 1353; *Smith* v. *Chapman*, 33 How. Pr. 308; 2 Rumsey's Pr. 677, 678.) The court had no power to grant an application of

this kind, at the time it was made. (*Kamp* v. *Kamp*, 59 N.
Y. 212; *Erkenbrach* v. *Erkenbrach*, 96 id. 456; *Percival* v.
*Percival*, 14 N. Y. S. R. 255, 256; 124 N. Y. 637; *Wells* v.
*Wells*, 10 N. Y. S. R. 249; 119 N. Y. 519; Code Civ. Pro.
§ 1769; *Beadleston* v. *Beadleston*, 103 N. Y. 402; *Williams*
v. *Williams*, 25 N. Y. S. R. 183, 186; *Winton* v. *Winton*,
31 Hun, 290; *Fagan* v. *Fagan*, 39 id. 531.) Irrespective of
the question of power, the decision was right. (Code Civ.
Pro. §§ 1759, 1769; *Beadleston* v. *Beadleston*, 103 N. Y.
402; *Romaine* v. *Chauncey*, 129 id. 566.) The orders
appealed from are discretionary with the Supreme Court, and
are not reviewable here, except possibly upon the question of
want of power. (*Beadleston* v. *Beadleston*, 103 N. Y. 402;
*McBride* v. *McBride*, 119 N. Y. 519.)

Gray, J. This appeal is from an order of the General Term
affirming an order, which denied, for want of power in the
court, the plaintiff's motion "for counsel fees and extra allow-
ance of costs in addition to plaintiff's taxable costs and dis-
bursements." The action was by a wife to obtain a divorce
from her husband, and when this motion was made the referee
had reported in favor of the plaintiff, and his report had been
confirmed. By his report the defendant was required to pay
alimony to the plaintiff every year, commencing from the
institution of the action. No motion had been previously
made for alimony or allowances, and this motion upon the
pleadings, evidence and proceedings had, was made when the
report had been confirmed and before judgment. The ques-
tion is whether under section 1769 of the Code of Civil Pro-
cedure, such a motion could be entertained. That section pro-
vides that the court may "during the pendency of the action,"
from time to time, order "the husband to pay any sum or
sums of money necessary to enable the wife to carry on or
defend the action," etc. In *Beadleston* v. *Beadleston* (103
N. Y. 402), a motion was made by the defendant when the
plaintiff moved for judgment on the report, that she have a
further allowance to pay her expenses including counsel fees,

incurred, and it was held that the allowance which had been granted below was unauthorized. This section was there construed to confer the power only during the pendency of the action, and it was said "the allowance looks to the future. There can be no necessity for an allowance to make a defense which has already been made, or solely to pay expenses already incurred." It is difficult to see how that case is not to be regarded as a precise authority upon the present application. The appellant's counsel seeks to make a distinction in that Mrs. Beadleston was defendant in that case, and having been unsuccessful should not be allowed to compel her husband to pay for her defense ; unless it were shown that a payment was necessary to enable her to further carry on the action. This application is based upon the affidavit of one of the plaintiff's attorneys, and shows that the counsel fees asked for represent what he has "charged the plaintiff besides the disbursements, etc." The allowance of such an item, which has reference to the past, within the Beadleston case, is not authorized by the Code. If, as it is hinted in the affidavit, the judgment of divorce should be appealed from, then upon an application wherefrom that fact should appear, and it should also appear that in order to maintain and defend her rights, an allowance ought to be made, the court would be justified in granting one. Upon such an application if it should appear that in previously carrying on her action the plaintiff had incurred expense the payment of which was essential to be made in order that she might further maintain or prosecute her rights, under the judgment it would be quite within both the letter and the spirit of the statute to comprehend in an allowance the unpaid item of the past. The language of this provision, however liberally we are inclined to construe it, must be given its due effect in authorizing the court to order an allowance only during the pendency of the action, and when it is "*necessary to enable the wife to carry on the action.*" It is apparent in this case that the wife had conducted the litigation out of her own means, or upon credit from its commencement, to a point where the case was closed

and nothing remained but an entry of a judgment on the referee's report.

Although the action might in a strict legal sense be said to be still pending, it did not appear that the wife needed moneys to carry it on.

We think the orders below were right and should be affirmed, but without costs.

All concur.

Orders affirmed.