## EMERSON v. EMERSON.

(Supreme Court, Special Term, New York County. October 9, 1893.)

DIVORCE—ALLOWANCE FOR PAST EXPENSES.
  Where the moving affidavits for an allowance to plaintiff's counsel for past expenses and future services in an action for a separation state that plaintiff owes her counsel a certain sum, but does not state for what services, the motion will be denied, with leave to renew on proper papers.

Action by Emily A. Emerson against Jesse M. Emerson for a separation. Plaintiff moves for an allowance for counsel fees for services already rendered and to be rendered. Denied, with leave to renew.

Black & King, for plaintiff.
Charles J. Hardy, for defendant.

PATTERSON, J. This application seems to come within the spirit of what was said in McCarthy v. McCarthy, 137 N. Y. 503, 33 N. E. 550, respecting allowances to counsel in actions of this character, being for past expenses and for future services. But the moving affidavits are not sufficient to authorize the full award asked for at this time. There is a mere statement that the plaintiff owes her attorney a bill of $250, but for what services, and whether the

charges are proper and reasonable, does not appear.    A reasonable sum might be allowed now for preparing and arguing the appeal in the court of appeals from the order of the general term increasing the alimony, (22 N. Y. Supp. 684,) but I think the better course to pursue is to deny this motion, without costs, and with leave to renew on proper papers.    This disposition of it will be made unless the plaintiff waives the application for an allowance for expenses already incurred.    If that is done, the sum of $100 will be allowed to enable plaintiff to resist the appeal referred to.