BORDEAUX, APPELLANT, v. BORDEAUX, RESPONDENT.

(No. 1,770.)

(Submitted January 14, 1904.   Decided February 1, 1904.)

*Divorce—Alimony—Counsel Fees — Past Services—Necessity of Allowance—Sufficiency of Showing—Prospective Services —Securing New Trial—Appeal.*

1.   Civil Code, Section 191, empowers the court during the "pendency" of an action for divorce to allow a wife alimony or money "to prosecute or defend the action." Section 1895 provides that an action is "pending" from its commencement to its final determination on appeal or the expiration of the time for appeal. Section 1730 provides that an appeal shall stay proceedings in the court below on the judgment, but allows that court to proceed in any matter not affected by the order appealed from. *Held,* that the district court has jurisdiction, notwithstanding a judgment in favor of the husband for divorce, at any time prior to the determination of the appeal from the judgment or prior to the expiration of the time for appeal to require the husband to pay any money necessary to enable the wife to support herself, or to further prosecute or defend the action.

2.   Under Civil Code, Section 191, empowering the court to allow a wife money "to prosecute or defend" a divorce suit, the court has no power, after trial and judgment, to compel the husband to pay for past services of attorneys, or for expenses incurred in the trial, except when such payment is necessary to enable the wife to continue her prosecution or defense.

3.   In order to empower the court to allow a wife money to pay for past services of attorneys, it must be shown that such allowance is necessary to enable her to continue her prosecution or defense; and the fact that the court refused to allow such money during the trial, and reserved the right to allow it until after the trial, does not show a necessity for the allowance.

4.   Although judgment for divorce has passed against a wife, the court may allow her, on a proper showing, reasonable costs, expenses and attorney's fees for services to be rendered in the preparation and presentation of a motion for a new trial, notice of which had been given.

5.   While the district court may allow a wife against whom judgment of divorce has been rendered costs and expenses incident to the preparation

and presentation of an appeal, such allowance cannot be made while a motion for a new trial is pending, and before the appeal has been taken.

6.   While the district court may allow a wife against whom a judgment for divorce has been rendered money necessary to enable her to prepare her statement or bill of exceptions on motion for a new trial, a necessity for such allowance must be shown.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

ACTION for divorce by John R. Bordeaux against Ella F. Bordeaux.   From an order allowing defendant counsel fees, plaintiff appeals.   Reversed.

*Messrs. Stapleton & Stapleton, Mr. B. S. Thresher,* and *Messrs. Breen & Mackel,* for Appellant.

*Mr. John J. McHatton, Mr. Jesse B. Roote,* and *Mr. William A. Clark, Jr.,* for Respondent.

MR. COMMISSIONER CLAYBERG prepared the opinion for the court.

On January 28, 1899, plaintiff brought an action against defendant for a divorce.   The trial was had in August, 1901, and resulted in a decree in favor of the plaintiff.

Pending the action, and upon application filed by the defendant on the 28th day of February, 1899, the court ordered the plaintiff to pay the defendant certain alimony and expenses of the suit and $600 for her attorneys "as a retainer."   The order further provided:   "And the matter of requiring the plaintiff to pay additional sums to the defendant for counsel fees during the pendency of the action is reserved for the further action and order of the court herein.   And it is further ordered that the defendant shall have leave to hereafter apply to the court for an order against the plaintiff requiring him to pay an additional sum or sums of money to the defendant for her support and to defray the expenses of defending said action and prosecuting a cross-bill therein, and for attorneys' fees.   And the court hereby reserves unto itself the right at any future

time to make any further or additional order with reference
to the support of the defendant and to the payment of money
for counsel fees and to defray the expenses of defendant in
said action." On August 17, 1901, which was prior to the
completion of the trial, defendant made a further application
for attorney's fees and certain expenses. The court allowed
the expenses, but denied the application for attorney's fees, and
made the following recital in the order: "Reserving the right
to allow attorney's fees after the trial." After the
entry of the decree, and on or about September 28,
1901, defendant made a further application for an
allowance sufficient to pay costs of the trial remaining
unpaid; the cost of preparing and presenting motion for a new
trial; to pay attorney's fees "for services rendered in the case
including the trial thereof, and to pay them for services to be
rendered in preparing, presenting and serving a motion for a
new trial;" and to pay sufficient to support the defendant dur-
ing the pendency of the action. The application then recited:
"This motion is made and based upon the affidavit of the de-
fendant and the affidavits of John J. McHatton, and petition
heretofore filed on behalf of the defendant herein with refer-
ence to the matter of alimony and counsel fees, and an allow-
ance to the defendant for the defense of this action and the
prosecution of her counterclaim; also upon the former order
of the court made herein and defendant's bill of exceptions
filed September 24, 1901, and upon the affidavits filed here-
with, copies of which are herewith served upon the plaintiff;
and will be heard upon the same and such other affidavits or
oral testimony as may be introduced upon the hearing of the
same." This motion came on for hearing on November 9,
1901. The defendant offered proof as to the reasonable value
of attorney's fees for the trial of the case and for the prepara-
tion and presentation of a motion for a new trial, and also of-
fered proof that the cost of the transcript of the testimony for
use in the preparation of a statement on motion for a new trial
or bill of exceptions would be $325. Proof was also offered
that defendant's counsel had given notice of motion for a new

trial. The court made an order upon hearing this application, allowing the $325 for a transcript of the testimony, and as to the attorney's fees ordered as follows: "That the defendant be, and she is hereby, allowed the additional sum of one thousand dollars for services of her counsel, McHatton & Cotter, performed from the time of their appearance as counsel herein and for services by them in preparing and presenting motion for a new trial in this court and upon appeal in said cause in the supreme court of this state." From this order plaintiff appeals.

It will be noticed that attorney's fees were allowed by this order for three purposes, viz.: (1) For past services in conducting the trial of the case; (2) for services to be rendered in preparing and presenting the motion for a new trial; and (3) for services to be rendered in the preparation and presentation of an appeal from the judgment.

It seems necessary to a final decision of this appeal that the court first decide under what circumstances and for what purpose a district court might make an order allowing costs, expenses and attorney's fees after the entry of final judgment.

Section 191 of the Civil Code provides, among other things: "While an action for divorce is pending the court or judge may, in its or his discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action." This is the only statutory authority giving power to a court to grant alimony and expenses to a wife.

Section 1895 of the Code of Civil Procedure provides: "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied."

Section 1730 of the Code of Civil Procedure provides that: "Whenever an appeal is perfected, as provided in the preceding sections of this chapter, it stays all further proceedings in the court below upon the judgment or order appealed from, or

upon the matters embraced therein,   *   * . *   but the court below may proceed upon any other matter embraced in the action and not affected by the order appealed from."

All the sections above quoted are referred to in the opinion of this court on an original application made by defendant to this court to compel plaintiff to pay attorney's fees on the appeal, costs for preparing transcript and printing brief in the supreme court, and maintenance pending the appeal. (*Bordeaux* v. *Bordeaux*, 26 Mont. 533, 69 Pac. 103.) This court said: "Whether the district court or judge has power, pending appeal, to require the husband to pay to the wife money necessary to prosecute or defend against an appeal in a divorce case is a question reserved as unnecessary to be decided." The court then decided that in the exercise of appellate jurisdiction it had no such power. Mr. Justice Pigott discusses the power of the courts of Montana in divorce cases, and in this discussion uses the following language when speaking of the appellate jurisdiction of this court in such cases: "The action—the entire case—is not transferred by appeal. Questions of law only are presented on appeal, even where the relief sought is equitable in character. The action itself is still pending in the lower court. On an appeal only questions of law are tried; neither the mere weight of evidence in substantial conflict nor the credibility of the witnesses is re-examined, nor is evidence adduced. Except in so far as affected by the appeal, the cause remains in the district court, the primary forum."

We are of the opinion that under the above-quoted provisions of the statute the district court had jurisdiction and power, notwithstanding the judgment, at any time prior to the determination of the action on appeal from the judgment, or prior to the expiration of the time of appeal, to require the husband to pay any money *necessary* to enable the wife to support herself and to further prosecute or defend the action. (*Ex parte Winter*, 70 Cal. 291, 11 Pac. 630; *Larkin* v. *Larkin*, 71 Cal. 330, 12 Pac. 227; *Bohnert* v. *Bohnert*, 91 Cal. 428, 27 Pac. 732; *McCarthy* v. *McCarthy*, 137 N. Y. 500, 33 N. E. 550; *McBride*

v. *McBride,* 119 N. Y. 519, 23 N. E. 1065; *Watkins* v. *Watkins,* 66 Mo. App. 468; *State ex rel. Clarkson* v. *St. Louis Ct. of App.,* 88 Mo. 135; *State ex rel. Gercke* v. *Seddon,* 93 Mo. 520, 6 S. W. 342.)

It is well settled that the court below has no power, after trial and judgment in the case, to compel the husband to provide the wife with money to pay for past services of attorneys, or for expenses incurred in the trial of the case; that the necessity mentioned in the statute refers to prosecuting and defending the action in the future. Therefore, after the case has been tried, and the judgment has been entered, no such necessity can exist. (*Lacey* v. *Lacey,* 108 Cal. 45, 40 Pac. 1056; *Loveren* v. *Loveren,* 100 Cal. 493, 35 Pac. 87; *McCarthy* v. *McCarthy,* 137 N. Y. 500, 33 N. E. 550; *Newman* v. *Newman,* 69 Ill. 167.)

There is one apparent exception to the principle announced by the last decisions cited, and that is that the district court may allow the wife money with which to pay such past expenses, when it becomes necessary to make such payment in order to enable her to continue her prosecution or defense. (*McCarthy* v. *McCarthy,* 137 N. Y. 500, 33 N. E. 550; *Loveren* v. *Loveren,* 100 Cal. 493, 35 Pac. 87; *Beadleston* v. *Beadleston,* 103 N. Y. 402, 8 N. E. 735.) But, in order to apply the doctrine announced in the the cases last cited, there must always be a showing of this necessity. The only attempted showing, as disclosed by the record, is that upon the applications made to the court pending the trial for allowance of attorney's fees the court refused to allow them, and reserved the right to allow them after the trial. We do not believe that this was a showing of a necessity for their allowance, under the above authorities, but only an excuse for not insisting upon their allowance before final judgment was entered. The court below evidently refused to make the allowance, further than the retainer above mentioned, on the theory that he was unable to tell what the reasonable value of such fees would be until after the trial of the case, and that he would reserve the right

to grant such fees until that time. But, if the law did not allow him to order their payment after the trial and entry of judgment, he could not make the reservation effective.

Under the above authorities we are clearly of the opinion that the defendant, by her showing, did not bring her application within the exception recognized, and that the court below therefore erred in allowing attorney's fees for past services, after the judgment had been entered.

There is no doubt that the court below had full authority and power to allow reasonable attorney's fees for services to be rendered in the preparation and presentation of a motion for a new trial, the proof disclosing that notice of intention to move for a new trial had been given. The mere fact that judgment passed against defendant upon a hearing of the case did not prevent her from making the motion for a new trial. Nor did it prevent the court from allowing her the costs, expenses and attorney's fees necessary to the making of said motion, if a proper showing had been made to the court for that purpose. We do not deem it necessary to state what that showing must be, but it is sufficient for the purposes of this opinion to say that the showing made before the court in that regard was, in our judgment, not sufficient.

Neither is there any doubt under the above authorities that the court below, after an appeal had been taken, had full jurisdiction to make an order compelling the plaintiff to pay to the defendant the necessary costs and expenses incident to the preparation and presentation of such appeal; but the court below had no power to make such order until after the appeal was taken. A motion for a new trial was pending. The court could not tell in advance whether this motion would be overruled or granted. If granted, there would be no occasion for an appeal. The court therefore was in error in making the order complained of, because included in that order was an allowance for attorney's fees for services to be performed in the preparation and presentation of an appeal.

The only further allowance complained of is that of $325 for obtaining a copy of the testimony given at the trial for use

in the preparation of a statement on motion for a new trial or bill of exceptions. Of course, under the above authorities, the defendant would have a right to whatever allowance might be necessary to enable her to prepare her statement on motion for a new trial or bill of exceptions, but it was incumbent upon defendant to show the necessity for such allowance. Thus, motion for a new trial might have been based upon bills of exceptions settled during the trial, in which case there would be no necessity of obtaining a transcript of the entire testimony taken at the trial. We do not believe that the showing made in the court below upon this application was sufficient to authorize the court to make the allowance of $325 for this purpose.

We are therefore of the opinion that the order appealed from should be reversed, and remanded to the lower court, with permission to the defendant to make such further showing as she may be advised, not in conflict with this opinion.

PER CURIAM.—For the reasons stated in the foregoing opinion, the order appealed from is reversed and remanded, and the lower court is hereby directed to permit the defendant to make such further showing as she may be advised is proper, not in conflict with the foregoing opinion.