VIRGINIA KRONMILLER, Plaintiff and Respondent, v.
LESLIE H. KRONMILLER, Defendant and Appellant.
No. 10044.
Submitted September 14, 1959. Decided October 15, 1959.
345 Pac. (2d) 168.

See **C. J. S.** Divorce, § 224.

Rankin & Acher, Arthur P. Acher and Wellington D. Rankin, Helena, Bert W. Kronmiller, Hardin, Sandall, Moses & Cavan, Billings, for appellant. Mr. Rankin, Mr. Acher and Mr. Kronmiller argued orally.

Michael J. Whalen, Billings, for respondent. Mr. Whalen argued orally.

MR. CHIEF JUSTICE HARRISON:

Plaintiff and defendant were married on April 10, 1951, and separated on January 20, 1959. On January 23, plaintiff filed an action for divorce and secured an order to show cause why the defendant should not pay to plaintiff a suitable monthly sum for her support and reasonable attorneys' fees and costs

and expenses of suit. This matter came on for hearing on February 20. On March 2, the district court entered an order requiring defendant to pay the sum of $300 per month during the pendency of the action for the support of plaintiff and allowing counsel fees in the sum of $1,000 for services rendered and to be rendered to the plaintiff up to the time of the actual trial on the merits, and further ordering that defendant need not pay costs and expenses until the matter had been heard on the merits. On March 5, defendant filed notice of appeal. On March 6, the district court entered an order staying execution of its order of March 2 until the appeal had been disposed of, conditioned upon the defendant giving bond in the sum of $2,000, which bond was approved and filed on March 9. On March 12, plaintiff filed an application for allowance of support, attorneys' fees, costs and expenses pending the appeal and the district court issued an order to show cause on March 13. On March 12, plaintiff also filed a motion to quash, vacate, annul and set aside the order of March 6, staying execution.

On March 26, the bond was increased to $10,000 and the court approved the increased bond on the 1st day of April and ordered it substituted in lieu of the original bond in the sum of $2,000. On April 17, the district court entered an order denying the motion to quash, vacate, annul and set aside the order of March 6 staying execution, and further granted to plaintiff for attorneys' fees and costs on appeal the sum of $1,000, which sum was ordered to be paid by the defendant on or before May 1. No mention was made of support for plaintiff but the record discloses that the district court felt such matter disposed of by its previous order of March 2. On April 29, defendant filed notice of appeal from the order of April 17. On April 30, the district court entered an order staying the execution of its order of April 17 until the appeal had been disposed of, conditioned upon the defendant giving bond in the sum of $2,000.

On May 13, application was made to this court in 136 Mont. 91, 345 Pac. (2d) 171, for an appropriate writ to be directed to the district court, ordering such court to certify the records

and proceedings had in this cause up to and including the order of April 17 that this court might review the same, and praying that upon such review this court enter an order directing defendant to pay a reasonable amount to the plaintiff for her support and a reasonable sum to compensate her attorneys for services rendered in such original application and their expenses therein incurred.

This court in such proceeding issued an alternative writ and thereafter defendant paid to the plaintiff the back payments of $300 per month and agreed to continue making such monthly payments for her support, and reference is made to the opinion in such cause this day filed.

By reason of the original proceeding, defendant has abandoned that portion of his first appeal herein relating to the allowance of $300 per month for the support of plaintiff during the pendency of this action and leaves two questions to be decided herein.

First, it is contended by the defendant that the attorneys' fees under the order of March 2 in the sum of $1,000 were excessive and in an amount showing an abuse of discretion on the part of the district court. Second, the additional allowance of $1,000 for plaintiff's costs and attorneys' fees under the order of April 17 was excessive and in an amount showing an abuse of discretion on the part of the district court.

Considering the first order, that of March 2, it must be ▮▮ ▮▮ membered that this order covered only services rendered or to be rendered up to the time of the actual trial. Under the statute, section 21-137, R.C.M. 1947, it is within the discretion of the court to require the husband to pay to the wife any money necessary to prosecute or defend a pending divorce action. An order for temporary attorneys' fees is in the nature of a retainer and in this cause the temporary order was but an estimate by the court, exercising its best judgment, of the value of the services that can be reasonably anticipated to be necessary. We have expressed in several cases the elements to be considered by the court in exercising its discretion in this regard. It is not un-

known in the practice that actions for divorce often result in reconciliations and we stated in Reynolds v. Reynolds, 132 Mont. 303, 308, 317 Pac. (2d) 856, 859, that "In fixing the amount that should be allowed to plaintiff the court should be governed by what is fair and reasonable having in mind the needs of the plaintiff, the financial ability of the defendant, the manner in which she has been accustomed to live and should leave an incentive for reconciliation rather than fix a premium for separation." The allowance should be reasonable considering these factors and the further situation that death or injury could result to counsel and another might be required, and upon final trial the court, in the event it found the wife guilty of misconduct, could consider that feature in governing the final allowance. See Bell v. Bell, 133 Mont. 572, 328 Pac. (2d) 115.

Here we have the wife of a prosperous and respected doctor, ██ ██ whose financial worth is considerable, and both of whom prior to their difficulties occupied a high station in the life of their community. The record discloses that her counsel have been zealous in her cause and are entitled to compensation on a reasonable basis. We have held in previous cases that the amount of the attorneys' fees are within the discretion of the court, and under all the circumstances apparent here we fail to see where there has been an abuse of that discretion. The order of March 2, making the allowance, is affirmed.

What we have said heretofore disposes of plaintiff's cross-assignment of error wherein she contends that the order of March 2 provided less than a reasonable amount for the services rendered or to be rendered and constituted an abuse of discretion upon the part of the trial court.

As to the second order, that of April 17, it is apparent from the record that the district court was concerned with the length of time that would be required to hear the appeal when it approved the increased bond. Appellant's brief was filed on June 30, 1959, consisting of 11 printed pages; the supplementary transcript was filed on July 22 and permission was granted respondent to file a typewritten brief so as to save the expense of

printing. Respondent filed her brief on July 30, consisting of 15 typewritten pages. The cause was expeditiously set in this court on the first calendar for oral argument thereafter held, and in view of these circumstances it would appear that counsel for respondent have not been required to wait any extended period of time nor to undertake any unusual or protracted review of authorities.

At the time the district court made its order herein it could not have known of the expeditious handling that would occur in this matter, nor the limited amount of briefing necessary in this court. For these reasons we believe that the amount provided in the district court order should be reduced, not because of an abuse of discretion on the part of the district court, because we believe under the circumstances existing at the time its discretion was properly exercised, but by reason of matters not then within the knowledge of that court but now apparent in this court.

The cause is remanded to the district court with instructions to modify its order of April 17 so as to allow attorneys' fees on this appeal in the sum of $500.

MR. JUSTICES BOTTOMLY, ANGSTMAN, ADAIR and CASTLES, concur.