THE STATE OF MONTANA ex rel. ELBERT SOWER-
WINE, Relator, v. THE DISTRICT COURT of the FIRST
JUDICIAL DISTRICT of the State of Montana, in and
for the County of Lewis and Clark, and VICTOR H.
FALL, a judge thereof, Respondents.

No. 10945.
Submitted April 14, 1965. Decided April 30, 1965.
401 P.2d 568.

A. G. Shone (argued), Butte, for appellant.

C. W. Leaphart (argued), Helena, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered
the Opinion of the Court.

This is an original proceeding. On February 11, 1965, this court handed down its opinion in Sowerwine v. Sowerwine, 145 Mont. 81, 399 P.2d 233, which directed that a default and decree of divorce which had been entered in the district court be set aside and that Elbert Sowerwine be permitted to appear to answer and further plead, and provided that costs were to be borne by Elbert Sowerwine.

On April 5, 1965, relator instituted this original proceeding by seeking an appropriate writ, alleging that on March 10, 1965, Lucille Sowerwine filed a "Memorandum of Costs and Disbursements in Supreme Court" in the district court and inserted therein "Attorney's fees on appeal $5,000.00," together with other costs about which no question is raised. On March 16, Elbert Sowerwine filed a motion to strike and to retax costs upon the grounds that there was no provision in law or in the pleadings which would authorize the item of $5,000.00 for attorney's fees; that it constituted an illegal assessment of costs; and that the costs should total no more than $56.80. The motion was set for hearing, argued and submitted to the district court which denied the motion. Relator further alleged he had no remedy by appeal.

On April 5, following ex parte presentation of the petition, an order to show cause was issued, directed to the respondent court and judge commanding that an order be entered annulling and setting aside the order of April 2, 1965; denying relator's motion to strike from the cost bill the item for attorney's fees and to retax the costs at $56.80, or, failing to do so that cause be shown before this court on April 14, 1965.

Respondents appeared by motion to quash and answer and return. It is respondents' contention that section 21-137, R.C.M.1947, provides for the recovery of attorney's fees.

The previous holdings of this court with respect to that section regarding the allowance of attorney's fees are well

summarized in Docotovich v. Docotovich, 125 Mont. 56, 60-62, 229 P.2d 971, as follows:

"Proceedings for divorce are purely statutory and the power which the court exercises is only that conferred upon it by statute.

"The only statutory authority for allowing suit money or attorney's fees is that contained in R.C.M.1947, § 21-137, which as far as is here pertinent, provides: 'While an action for divorce is pending the court or judge may, in its or his discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself * * * or to prosecute or defend the action.'

"The right of the wife to counsel fees is not an absolute right. To entitle her to such fees she must first make a prima facie showing of necessity on a proper hearing. 27 C.J.S. Divorce, § 216, pages 910-911 and cases cited. Compare State ex rel. La Point v. District Court of Second Judicial Dist., 69 Mont. 29, 37, 220 P. 88, and Grimstad v. Johnson, 61 Mont. 18, 22, 201 P. 314, 25 A.L.R. 351.

"In Albrecht v. Albrecht, 83 Mont. 37, 47, 269 P. 158, 161, this court said: 'We have searched the record in vain to find any evidence whatever, offered on the part of the defendant, showing the necessity for the allowance of attorney fees as made by the court, and we hold that such allowance was an abuse of discretion and was error.'"

Later in the Docotovich Opinion this court further stated:

"We fail to find any evidence showing the necessity for the allowance of additional attorneys' fees or showing that without the allowance of such additional fees the wife would be unable to proceed with her defense. The record shows that at the time the application for additional fees was made the case was at issue; that prior to and throughout the trial she was continuously represented by able counsel and that it was not until almost two months after the trial had concluded and after the services of her attorneys had been performed

that the trial court made the order allowing an additional fee of $200.

"In Bordeaux v. Bordeaux, 29 Mont. 478, 75 P. 359, on rehearing, 32 Mont. 159, 80 P. 6, it was held that a district court has no power under the statute to allow counsel fees for past services, even during the pendency of the divorce proceedings, the only possible exception to this being, perhaps, where the allowance for such past services would be necessary to enable the wife to continue the future prosecution of the action or to make her defense. See also, Grimstad v. Johnson, supra, 61 Mont. at page 23, 201 P. 314.

"Here, the wife having failed to make a proper showing of the necessity for the allowance of additional attorneys' fees, such allowance by the trial court was an abuse of discretion and error. Albrecht v. Albrecht, supra."

In this case Lucille Sowerwine made no motion to require Elbert Sowerwine to provide attorney's fees or suit money, so the district court necessarily made no order requiring him to do so. Section 93-8618, R.C.M.1947, defining costs, does not include therein attorney's fees.

While respondents assert that under our opinion in Kronmiller v. Kronmiller, 136 Mont. 101, 345 P.2d 168, the district court has authority to determine the amount of attorney's fees, that opinion clearly recites that proper application for allowance of support, attorney's fees, costs and expenses pending the appeal was made, an order to show cause issued, hearing had, all before the order allowing the attorney's fees was entered.

In the instant case no such showing has been made.

The motion to quash is denied. Let a writ of supervisory control issue, directed to the respondents, commanding that an order be entered annulling and setting aside the order of April 2, 1965; denying relator's motion to strike from the cost bill the item for attorney's fees; and that an appropriate

order be then made and entered retaxing the costs at the sum of $56.80.

Respondents contend that the proper procedure to be followed in this matter would be that expressed in State ex rel. Vaughn v. District Court, 111 Mont. 552, 111 P.2d 810, which in effect held that if an execution had been validly issued an order striking the cost bill would not invalidate the writ. The holding of that case is not applicable here because as before pointed out attorney's fees are not included as costs under Section 93-8618, R.C.M.1947, and therefore this court did not allow an attorney's fee on appeal in Sowerwine v. Sowerwine, 145 Mont. 81, 399 P.2d 233, as a part of the costs.

Section 93-8621, R.C.M.1947, reads:

"Whenever costs are awarded to a party by an appellate court, if he claims such costs, he must, within thirty days after the remittitur is filed with the clerk below, deliver to such clerk a memorandum of his costs, verified as prescribed in section 93-8619, and thereafter he may have an execution therefor as upon a judgment."

This refers to allowable statutory costs and for the issuance of an execution therefor as upon a judgment. Such was never the situation here since the memorandum of costs did not contain only the allowable statutory costs but included the purported attorney's fee. Because of non-compliance with the statute the execution was void and for that reason the procedure here adopted was correct.

MR. JUSTICES JOHN CONWAY HARRISON, DOYLE, CASTLES, and ADAIR, concur.