LUCILLE SOWERWINE, Plaintiff and Respondent, *v.* ELBERT SOWERWINE, Defendant and Appellant.

No. 11083.
Submitted September 14, 1966. Decided October 11, 1966.
418 P.2d 859.

Berger, Anderson and Sinclair, James J. Sinclair (argued), Billings, for appellant.

Vance and Leaphart, C. W. Leaphart, Jr. (argued), Helena, for respondent.

PER CURIAM:

This appeal comes from the District Court of Lewis and Clark County, wherein on December 20, 1962, plaintiff-respondent filed an action for divorce against defendant-appellant. What transpired in the intervening years is partially reflected in Sowerwine v. Sowerwine, 145 Mont. 81, 399 P.2d 233, and State ex rel. Sowerwine .v. District Court, 145 Mont. 375, 401 P.2d 568. There have been other incidents, some involving the criminal courts, another when the defendant departed the United States taking with him one of the minor children. He was later located in Nicaragua and following considerable legal maneuvering the child was returned to its mother, the plaintiff. Counsel advised at the time of oral argument that defendant is still residing in Nicaragua.

In the previous Sowerwine case, supra decision, which was handed down on February 11, 1965, re-hearing denied on March 4, 1965, we ordered the default and judgment be set aside and defendant allowed to appear to answer and further plead, and that he have 20 days from and after receipt by his counsel of record of copy of the Court's Opinion in which to appear. Defendant failed to appear and answer or further plead.

On March 30, 1965, plaintiff filed written notice that she would apply for a decree of divorce on April 2, 1965, the notice being addressed to attorneys of record for the defendant. A decree of divorce was granted on April 2, 1965. Notice of appeal was dated September 27, 1965.

It will be noted in State ex rel. Sowerwine v. District Court, supra, that a hearing was held in the district court on a motion to strike and re-tax costs in the Sowerwine divorce case. This hearing was on April 2, 1965, and then counsel for defendant were present in court on that day and were fully aware that following the cost hearing the divorce case would come on for

hearing. Certainly, if they had objections to the procedure being followed they were in position to make them known, being present in the court room and before the judge who was to hear the divorce case. However, immediately following the hearing upon the cost matter counsel stepped out of the courtroom so they were not present while the default of their client, the defendant, was entered and the hearing had and divorce granted. Immediately following entry of the divorce decree counsel for plaintiff served defendant's counsel with copy thereof. We note parenthetically that throughout these proceedings and in previous proceedings, both civil and criminal, defendant has challenged the jurisdiction of the Montana court, claiming at various times residence in Wyoming or even outside of this country in Nicaragua as previously noted. Various counsel, when appearing for defendant, have always claimed they were appearing specially.

On this appeal defendant specifies two errors. First, that plaintiff did not give defendant proper notice of hearing the application for judgment of divorce as required by Rule 55(b), M.R.Civ.P.; second, that the district court granted relief to the plaintiff different in kind and in excess of that demanded in the complaint, in violation of Rule 54(c), M.R.Civ.P.

As to both specifications no application to set aside the default or judgment was made under Rule 60(b), M.R.Civ.P.; defendant preferring to bring this appeal. In doing so it should be noted that he secured different counsel who gave notice of their appearance for defendant on September 21, 1965, and also that the notice of appeal was filed 5 months and 25 days after entry of the decree or but five days before the time for taking an appeal would have expired under the law then prevailing.

While this observation is dehors the written record, it has been made to appear in oral argument that the troubles that have beset the Sowerwine family over the past three and one-half years have been front page news in the daily papers and

have constantly been before the public by means of radio and television.

The record here discloses that Mrs. Sowerwine is a school teacher, her takehome pay is $386.27 per month and she is and has been the sole support of her two daughters since January of 1963. Their ages are four and one-half and eight and one-half years. Her detailed testimony as to the family living expenses came approximately to her income each month and appear to be extremely conservative. Further, that due to the cost of this extended litigation she is indebted to a bank in the sum of $3,100 and owes her parents approximately $2,000. The Bureau of Internal Revenue have levied an assessment upon a joint income tax return filed by the Sowerwines covering a deficiency in taxes in the amount of $9,330.02, and in the year covered by that return Mrs. Sowerwine had no income. Defendant is reputed to have real and personal property of substantial value in another state.

As before stated this appeal is predicated upon contended deviations from the Montana Rules of Civil Procedure. These Rules were enacted to speed up the course of litigation, not to delay and impede the process. The Rules provide avenues whereby errors or mistakes can be corrected at the district court level and not require the use of the appellate process. This court will not permit the purpose of the Rules to be perverted and defeated. Much that was said by this court in its Opinion in Williams v. Superior Homes, Inc., 148 Mont. 38, 417 P.2d 92, is applicable here.

This case presents the strange anomaly of a defendant challenging the jurisdiction of the Montana court, failing to comply with the intent of the Rules of Civil Procedure, and yet at the same time attempting to rely on extreme technical application of the Rules to defeat the course of justice. From our previous recitation it appears clear that justice in this case is on the side of Mrs. Sowerwine as the district court has ruled,

and the attempt by this appeal to overturn that decision will not be tolerated.

Litigation must end and justice be permitted to prevail, therefore the Court on its own motion will dismiss this appeal as one lacking merit.

It is hereby ordered that this appeal be and it is hereby dismissed. The respondent is granted her costs.