No. 12538

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

FRANCIS J. WHITMAN,

Plaintiff and Cross Defendant
and Appellant,

-vs-

THELMA S. WHITMAN,

Defendant and Cross Complainant
and Respondent.

---

Appeal from: District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley, Judge presiding.
James D. Freebourn

Counsel of Record:

For Appellant:

Bennett and Bennett, Bozeman, Montana
Lyman H. Bennett III argued, Bozeman, Montana

For Respondent:

Drysdale, McLean and Scully, Bozeman, Montana
John P. Scully argued, Bozeman, Montana

---

Submitted: January 15, 1974

Decided: MAR 1 1974

Filed: MAR - 1 1974

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal by plaintiff Francis J. Whitman, is from a judgment of divorce entered by the district court, sitting without a jury, in the eighteenth judicial district, Gallatin County.

Due to the fact issues arising out of two hearings are involved, we will set forth the procedural matters as they arose prior to this appeal.

The divorce judgment was entered by Judge Lessley on February 22, 1973. The decree granted defendant Thelma S. Whitman a divorce; provided for a property settlement; and required plaintiff to pay defendant $800 per month as alimony,plus $1,500 attorney fees. Subsequent to the filing of notice of appeal, defendant filed a motion supported by an affidavit to require plaintiff to commence alimony payments and pay the attorney fees. Thereafter Judge Lessley issued an order to show cause, dated June 5, 1973, requiring plaintiff to appear in opposition to the motion. Upon receiving the order to show cause, plaintiff disqualified Judge Lessley and Judge Freebourn was called to hear the show cause motion. Hearing was held on July 3, 1973. Subsequently Judge Freebourn ordered plaintiff to pay temporary alimony of $800 per month, plus the attorney fee. Plaintiff appeals from the decree and Judge Freebourn's order.

The parties were married in 1937 and have lived in West Yellowstone, Montana all their married life. Three children were born as issue of the marriage, but are now of legal age. In the early years of the marriage the parties had little in the way of wealth or property, but commencing in the mid-1940's, through their joint efforts, they accumulated both real and personal property which at the time of the divorce amounted to several hundred thousand dollars.

At the time of the divorce the husband was 67 years of age and the wife 58 years of age. For some 35 years they lived and worked together in what could be described as a good marriage.

- 2 -

Most of that time defendant was a mother and housewife, but during part of the time she cared for their tourist cabins when needed and worked as a clerk in their store. Except for high blood pressure and diabetes she was a well person. Plaintiff obviously had worked hard over those years and had successfully accumulated considerable assets. In 1971 he retired and the gas station he owned was leased, bringing him $1,000 per month. He testified that one of the reasons for retiring was his health and that he was "worn out".

For this couple retirement brought problems. Plaintiff retired on January 1, 1971. By summer he had moved out to a lake in a trailer where he stayed until that fall; when he returned to their home he was told he was not welcome. For the next six months he was away from the home. When he returned to West Yellowstone in the spring of 1972, he was informed by defendant that the marriage was over and after failing in his effort for reconcillation, he filed for a divorce. Defendant cross-complained charging cruelty and the cause went to a hearing.

Due to the issues raised here, we note that plaintiff in his complaint evidenced a willingness pay $400 per month for support of defendant. In her cross-complaint defendant asked for $700 per month, a division of property and attorney fees. After hearing, the trial court awarded defendant the divorce; the home and land on which it was situated; one-half the savings of the parties; an automobile; a boat; and $800 per month support. Plaintiff was allowed to keep the income producing property.

To the date of the divorce and during the period of separation plaintiff had been giving defendant $400 per month, plus approximately $10,500 in cash. Defendant challenges that figure but admits receiving money from plaintiff. Following Judge Lessley's judgment, plaintiff stopped payment of the $400 support money and refused to pay the ordered $800 per/month award or the attorney fee, which refusal brought about the hearing presided over by Judge Freebourn some four and a half months later.

Plaintiff raises several issues on appeal which we will combine, for purposes of this opinion. Did the court err in granting:

1. A divorce to defendant and not to plaintiff?

2. Alimony to defendant in the original action and in the special proceedings pending the appeal?

3. Attorney fees in both proceedings?

The first issue challenges the trial court's discretionary power provided in section 21-103, R.C.M 1947. Here, plaintiff first sought the divorce by filing his complaint. Defendant answered and filed a cross-complaint. If proven, plaintiff's allegations were sufficient to grant him a divorce, but after a full hearing the trial judge determined that he had not proven his allegations but that defendant had proven hers. By the provisions of the statute the trial judge had the discretionary power to so find.

The complaint was couched in the language of section 21-106, R.C.M. 1947, charging mental cruelty. This Court in Judson, Adm. v. Anderson, 118 Mont. 106, 109, 165 P.2d 198, held:

> "The sole question presented on this appeal is that of the sufficiency of the evidence to support the decree and judgment. The answer to this depends upon whether or not the evidence substantially established the infliction of extreme cruelty by the defendant upon the plaintiff, as contemplated by statute and as alleged in the complaint. At the outset we affirm and reiterate the rule that in cases of this nature the findings of the trial court will not be disturbed by this court where the record contains substantial evidence upon which they may be sustained; that when the evidence furnishes a substantial basis for the findings they will be permitted to stand."

See also: Boggs v. Boggs, 119 Mont. 540, 177 P.2d 869; Bristol v. Bristol, 65 Mont. 508, 211 P. 205.

We have carefully examined the record and find no error in the trial court's granting the divorce to defendant.

The second issue concerns the awarding of $800 per month support for defendant. Plaintiff argues there is not one iota of evidence upon which the trial court could have arrived at that figure. We have read the record with utmost care and find it fails to support the $800 award.

This Court will not disturb the findings of the trial court where such findings are justified by substantial evidence, but it will set aside findings not supported or justified.  Judson, Adm. v. Anderson, supra; Putnam v. Putnam, 86 Mont. 135, 282 P. 855.

In reviewing the trial court's findings, we find there is a lack of substantial evidence to support such findings and conclusions.  We note, commencing with finding of fact No. 5, which has five subparagraphs devoted to a breakdown of the property owned by the parties and which assigns valuations to such property, that the findings do not follow the evidence:

1) Concerns the home, facilities and the lot.  The valuation set by the trial court was $40,000.  Plaintiff testified he had turned down an offer of $80,000 for the home several years before the trial.  He made an offer of $40,000 for the home in lieu of alimony to defendant.  Defendant testified she thought the house and lot were worth at least $50,000.

2) Concerns the service station, store and lot and places the value at $400,000 and plaintiff's one-half interest at $200,000. Plaintiff's testimony indicated the service station grossed $70,000 a year from 1962 to 1970; that the net per year was $35,000 (his share being $17,500); that he received $15,000 when he retired  and still receives $1,000 per month on a lease that is to be renegotiated in 1975.

3) Sets the total value of all savings accounts, certificates of deposit and U.S. Savings Bonds, held in joint tenancy, at $100,000.  Plaintiff testified the savings totaled $40,000, plus approximately $40,000 in U.S. Bonds, making a total of $80,000. In answer to an interrogatory he set his savings at $39,000. Viewing the testimony in a light most favorable to the trial court's findings, we can find no basis for the $100,000 figure.  At best, the items total $80,000.

4) Concerns reference made to five shares of capital stock in the First Security Bank of West Yellowstone, Montana.  No finding

of value was made, nor was there any testimony given at the trial as to the value of the stock.

5) Concerns a pickup truck owned by plaintiff; a 1971 Ford station wagon jointly owned by the parties; two boats; household goods; and a boat trailer owned by plaintiff. No valuations are given. Testimony at the trial and answers to interrogatories are confusing as to the year models and values of the pickup and the Ford. The Ford was given to defendant by plaintiff at the time of their separation. Although household furnishings are usually included in a house valuation, there was no separate testimony as to the value of the furnishings, except that in interrogatory 24 which gave a $2400 value. The ownership and valuation of the two boats and a snowmobile was left in doubt by the various witnesses.

The trial court's finding of fact No. 7 records plaintiff's income as: $205 per month from social security; $1,000 per month from a lease of the service station; undetermined amount of interest from savings accounts, etc.; for a total of $2,000 per month. Obviously this toal monthly income is erroneous. Plaintiff testified he received the $205 per month social security, and interest on savings accounts, certificates of deposits and bonds in the amount of $66.02 per quarter or approximately $22 per month. The joint federal income tax return for 1972, shows dividend and interest income to be $4,257.56 or approximately $354.96 per month for that year. Here again, the figures and testimony do not add.

The trial court's finding of fact No. 9 concerns the defendant wife's income. It notes an approximate $10,000 in her name of which $9,500 was given to her by plaintiff. Then, considering the disparity of income and property in plaintiff's name, the court finds defendant entitled to attorney's fees and costs. At trial plaintiff testified he gave defendant $9100 at the time of their separation in addition to a monthly payment of $400 for four months, or a total of $1600. In addition he testified he gave her an additional $1700 bringing his testified total to $12,400. In any event the amount of money she received is in conflict with the finding of the trial court.

- 6 -

The trial court's finding of fact No. 10 is directed to all the property heretofore described and divides it equally based on the parties' joint efforts. This finding is totally inconsistent with its finding of fact No.12 which makes the actual division, leaving plaintiff valued at $250,000 (court valuation) and defendant valued at $90,000 (court valuation).

Finding of fact No. 11 notes that defendant wife is not trained for any occupation and her minimal support and maintenance requirements amount to $800 per month. For the record we note she asked for $700 in her cross-complaint; she testified that with an equal division of the property she would need no alimony; otherwise she would require from $600 to $700 per month alimony. On cross-examination, she testified that if she could sell the home for $50,000 and then invest the money she could get $200 per month interest and would need only from $500 to $600 per month alimony.

The trial court's finding of fact No. 12 makes this property division:

#### Husband

| | |
|---|---|
| Interest in service station (including lease) | $200,000 |
| Bank Stock | ? |
| Pickup Truck | ? |
| Boat & Trailer | ? |
| 1/2 Savings,Bonds,etc. | 40,000 |
| Total assets found by Court | $250,000. |

#### Wife

| | |
|---|---|
| House with furniture | $40,000 |
| Boat (Inboard) | ? |
| 1971 Ford Wagon | ? |
| 1/2 Savings,Bonds,etc | 40,000 |
| Total assets found by Court | $90,000. |

In addition, items not mentioned in the trial court's findings but testified to or mentioned in the interrogatories were a life insurance policy of plaintiff naming defendant wife as beneficiary and valued in excess of $2000 and a jointly owned Travelease trailer valued at $4000.

In view of the discrepancies above noted, it is obvious that the case must be remanded to the trial court for a hearing to establish a proper division of property and/or alimony for the support of defendant.

Section 93-216, R.C.M. 1947, establishes the duty imposed on this Court in determining questions of fact in equity cases. Unless for good reason a new trial or the taking of additional evidence is ordered in the district court, that court's decision will be affirmed. In approaching our decision here, we are not unmindful that, notwithstanding the provisions of section 93-216, it is the settled rule that this Court will hesitate to overrule findings, even though based on substantially conflicting evidence. Kasala v. Kalispell Pee Wee Baseball League, 151 Mont. 109, 439 P.2d 65; Bouma v. Bynum Irrigation Dist., 139 Mont. 360, 364 P.2d 47. However in a case such as the instant one, where insufficient evidence has been furnished to confirm the findings of the trial court, this Court will not hesitate to return the cause to the trial court.

Plaintiff's third issue is directed to the awarding of attorney fees in both hearings to defendant. Section 21-137, R.C.M. 1947, provides the statutory authority for such awards and states in pertinent part:

> "While an action for divorce is pending the court or judge may, in its or his discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action." (Emphasis added).

Over the years that this issue has been raised in cases considered by this Court, from Bordeaux v. Bordeaux, 29 Mont. 478, 75 P. 359, to State ex rel. Sowerwine v. Dist. Ct., 145 Mont. 375, 401 P.2d 568, the Court has consistently held that a showing of necessity is a condition precedent to the exercise of the court's discretion to grant attorney fees. Therefore, the decree is modified by striking the provision awarding defendant attorney fees.

The cause is remanded to the district court for a further hearing to establish a proper division of property and/or alimony for the defendant.

Each party is to bear its own costs.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices