## ANDERSON v. UNITED STATES.
### No. 4481.

United States Court of Appeals
First Circuit.

May 22, 1950.

M. Peter Anderson, pro se.

Alexander D. Varkas, Special Assistant to the United States Attorney, Boston, Mass. (George F. Garrity, United States Attorney, Boston, Mass., with him on the brief), for appellee.

Before MAGRUDER, Chief Judge, and CLARK[1] and WOODBURY, Circuit Judges.

1. Judge Clark, of the Second Circuit, serving by designation.

CLARK, Circuit Judge.

 This case appears to be one of those comedies of errors which occasionally—indeed, all too occasionally—find their way to an appellate court. It started innocently enough as an action by the government to recover the balance due upon an F.H.A. note executed by the defendant to a Boston bank and transferred by the latter to the plaintiff. To the complaint, the defendant, who has acted throughout as his own attorney, pleaded a general denial and also a counterclaim. Although the defendant appears to set great store by his counterclaim, it seems completely unintelligible and in itself no bar to the judgment below.[2] Plaintiff then submitted interrogatories which the defendant answered, albeit ambiguously and evasively. The United States Attorney next filed a motion for a summary judgment, which the court granted notwithstanding the defendant's objection in writing. All this is in due form and would be unassailable except for one simple, overlooked detail. There was no proof whatsoever of the claim. All that we have are two generalized statements of amount due, one in the complaint, the other in the motion for summary judgment, each over the signature of the Special Assistant to the United States Attorney. Of course even on a default, where the defendant is making no contest, more than this is required. Federal Rules of Civil Procedure, rule 55(b), 28 U.S.C.A. The case must therefore go back for repair of the omission.

The government urges that there are sufficient admissions in the interrogatories to support the judgment. The denials of the interrogatories do seem instinct with some sort of concession, just as was the case with the old negative pregnant, so much so as to justify a summary judgment had the plaintiff's case been supported by the detailed affidavit of some one with actual knowledge of the facts. F.R. 56(c); Engl v. Aetna Life Ins. Co., 2 Cir., 139 F.2d 469, 472, 473. But, by themselves, it is impossible to fathom what, if anything, they do admit. Thus the defendant was asked whether or not he signed the original note, of which a photostat copy was attached to the complaint. His answer was: "Looks like the defendant's signature, but the defendant never signed a note for $1101.22 plus interest, the total amount payable as shown on the note is $1147.10. The address given on the note indicates, that it is another party's note." Again he said that he "never signed a note for $1101.22 plus interest, total amount payable as shown on note $1147.10," and repeated that statement later. In his written "objection to summary judgment" he denies that it is his note, that he ever made any payment on it, that he owes the amount claimed, and demands his constitutional right of trial by jury, which he had claimed in his complaint. Even at the argument before us, he reiterated his formal denial of the amount claimed by the government.

 Government counsel suggests—and this is rather borne out by the none-too-clear statements in defendant's brief—that defendant is either confused or quibbling because of an immaterial error in the note itself. That was dated Apr. 17, 1946, and is clearly labeled as an "F.H.A. Note" for "$1101.22." But in the body of the note appears the following: "Monthly Instal-

---

2. For his counterclaim, the defendant says "that through his refusal to meet the demands of the agents of the plaintiff for bribes, blackmail and the falsification of records, as more fully set forth in the defendant's request, of June 22, 1949, to the attorney for the plaintiff, for presentation of the evidence to the grand jury. The defendant has suffered great damage and loss and for which the defendant now seeks to recover." In his brief he asserts that this refers to a dispute with O.P.A. officials as to the rental of the apartment on which he had se- cured the F.H.A. loan; that some unnamed official demanded a bribe as a condition of allowing him to charge any rent he wished, and, on his refusal, then set a maximum rental "for a new large four room modern apartment, heat and hot water included," of only $25 a month. We may doubt the liability of the United States for blackmail by an agency official, cf. 28 U.S.C.A. §§ 1346(b), 2680(h), but can hardly reach the question upon so incoherent a statement which fails to disclose a "claim for relief," as required by F.R. 8(a).

ments. First 24 instalments of $45.88. Final instalment of $45.98 due 4-15-48." Each of these figures appears as an insertion in ink in a printed form, and the "4" of the "24" is heavily inked, possibly suggesting that it may have been written over some other figure. But the total and the due date show clearly that the figure is an error and should have been "23"; twenty-three instalments of $45.88, together with a twenty-fourth or final instalment of $45.-98, give the correct figure of $1101.22, not of $1147.10 as defendant so continuously asserts. There is nothing really to mislead the defendant here, and his incorrect computation of the amount due is not sufficient to justify his halting denial. On an adequate motion for summary judgment, supported by appropriate affidavits, this would not be a sufficiently clear-cut exculpation to justify refusing the judgment. Schreffler v. Bowles, 10 Cir., 153 F.2d 1, 3, certiorari denied 328 U.S. 870, 66 S.Ct. 1366, 90 L.Ed. 1640; Christianson v. Gaines, D.C.Cir., 174 F.2d 534, 536. But standing alone it does not concede that there is owing on the note the sum of $525.78, which is the amount of the government's claim.

The judgment of the District Court is reversed and the action is remanded for further proceedings consistent with this opinion.