INTERSTATE COUNSELING SERVICE, a Montana Corporation, Plaintiff and Respondent, v. DELORES M. EMELINE, a/k/a Delores M. Rossmiller, Defendant and Appellant.

No. 10761
Submitted September 14, 1964. Decided November 24, 1964.
396 P.2d 727

410

Robert J. Emmons, Great Falls, for appellant.
Dirk Larsen, Great Falls, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

Appeal from the district court of Cascade County.

Complaint was filed on October 26, 1961, by the Interstate Counseling Service against the defendant seeking the sum of $303.80 on an assignment of money due the Deaconess Hospital for professional services. On the same day, the defendant, Delores M. Emeline, was served with a copy of the summons and complaint. She did not appear and on January 25, 1962, the clerk of court entered a default, and a judgment by default was subsequently entered by the clerk and a writ of execution issued, levy made, and on March 27, 1962, the sheriff sold property of the defendant and administered the proceeds according to law. On April 2, 1962, plaintiff filed a satisfaction of judgment. The defendant at no time appeared either in person or by counsel and did not respond to any of this activity.

On September 12, 1963, over a year later, the defendant filed a motion to set aside the judgment on the sole ground that the plaintiff had not filed an affidavit of the amount due and owing when it requested the clerk of court to enter the default judgment, which motion was denied by the district court.

The case is governed by the Montana Rules of Civil Procedure and not by the older superseded or repealed statutes. Rule 55(b), M.R.Civ.P., provides:

"(b) *Judgment*. Judgment by default may be entered as follows:

"(1) *By the Clerk.* When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff *and upon affidavit of the amount due* shall enter judgment for that amount and costs against the defendant, if he has been defaulted for failure to appear and if he is not an infant or incompetent person, and has been personally served, otherwise than by publication or personal service outside of this state." (Emphasis supplied.) [15]

The emphasized portion of the above section, Rule 55(b) (1), forms the basis of this appeal. The affidavit of amount due is argued to be absolutely necessary. Without it the clerk, it is urged, has no authority to enter the default judgment. Further, if the clerk does enter a default judgment without the affidavit, appellant contends the judgment is void.

The most persuasive authority cited by appellant for the necessity of the affidavit is the case of Anderson v. United States, 1 Cir., 182 F.2d 296 (1960). This case involved a motion for summary judgment by the government on two F.H.A. notes. The court granted the motion but no proof of the amount due had been made. The reviewing court felt that the claim should have been proven before the motion for summary judgment was granted.

While the above case may be taken as authority that the affidavit must be filed, it does not indicate that the failure to file the affidavit renders the default judgment void. In the Anderson case the court reversed the lower court but remanded the case for "repair of the omission." 182 F.2d 296, at 297. It would appear that if the clerk is given something to go by in entering the judgment insofar as the amount is concerned, then it is not fatal if an affidavit has not been filed. It may be inserted later if the default judgment is challenged.

■ ■ We agree with appellant that the clerk of court in entering a default judgment is performing a ministerial func-

tion and must follow procedures in detail and absolutely. However it seems reasonable to apply Rule 61, M.R.Civ.P., on harmless error in this case. At the hearing on the motion to set aside the judgment the one thing that is certain from the testimony is that the designated amount was actually due. The claim was not confusing and required little computation. An affidavit would have been merely perfunctory. We do not want to leave the impression that attorneys will be excused for not filing an affidavit under Rule 55(b) (1), because there was such a definite omission here. The clear import of Rule 61 is that omissions of the type involved here are not fatal unless refusal to take action with respect to the omission appears to the court inconsistent with substantial justice.

We would agree with the case of Paramount Publix Corp. v. Boucher, 93 Mont. 340, 19 P.2d 223, that an error in the entry of the default judgment renders that judgment "voidable" but not "void." In that case the default judgment was entered prematurely. We consider the judgment here voidable, and since no reason to avoid the judgment has been presented we see no merit to this appeal.

There is no necessity to go into respondent's argument that the filing of the motion to set aside the judgment came too late to satisfy Rule 60(b) (4), M.R.Civ.P. That section provides that on motion the court may relieve a party from a final judgment when the judgment is void, and when the motion for relief is made within a "reasonable time." Here the property was sold pursuant to the writ of execution of March of 1962, and the satisfaction was filed in April of that year. It was not until September of 1963 that the motion to set aside the default judgment was filed. This is well over a year later and respondent contends that an "unreasonable time" had passed. However, in order for this section to control it must first be shown that the judgment is void. Since the first part of this opinion goes to establishing that the judgment is not void we will not apply Rule 60(b) (4), to the instant case.

The order of the district court is affirmed.

MR. JUSTICES CASTLES, JOHN CONWAY HARRISON and DOYLE concur.

MR. JUSTICE ADAIR:

I dissent.

By claim filed in the district court and served upon the defendant on October 26, 1961, the plaintiff, Interstate Counseling Service, a Montana Corporation, sought to recover from the defendant, Delores M. Emeline, the sum of $303.80 being a "sum certain."

The defendant, Delores M. Emeline, failed to appear in the action by January 25, 1962, whereupon and on that date, the clerk of the district court entered the defendant's default.

The Montana Rules of Civil Procedure, Rule 55(b), then in effect, provided that in an action such as this "for a sum certain * * * the clerk upon request of the plaintiff *and upon affidavit of the amount due* shall enter judgment for that amount and costs against the defendant, if he has been defaulted for failure to appear * * *." (Emphasis supplied.)

The above-quoted rule of law requires that the plaintiff must do both of two (2) prescribed things before the clerk is authorized to enter a judgment by default against the defendant, Delores M. Emeline.

First, the plaintiff was required to request the clerk of the court to enter the judgment for the claimed "sum certain" and this the plaintiff did.

Second, the plaintiff was required to deliver to the clerk and cause to be filed in the clerk's office and in the action "an affidavit of the amount due."

With this second requirement the plaintiff wholly failed to comply.

No "affidavit of the amount due" or of the amount claimed to be due was either delivered to the clerk or filed in the action.

The above rule of law required and requires the performance

of each *and both* of the above-enumerated specified acts. The rule uses the word *"and"* and not the word "or."

The plaintiff failed to comply with the above-quoted rule. As a result of plaintiff's failure to file in the clerk's office an "affidavit of the amount due," the so-called judgment entered by the clerk was and is without jurisdiction, void and of no effect.

The plaintiff failed to comply with the rule of law above-quoted.

Plaintiff's failure to file with the clerk of court the required "affidavit of the amount due" is a failure to comply with the rule of law prescribed by the legislature. For this reason the so-called default judgment is no judgment at all. Such paper and writing was, is and must remain wholly void and of no force or effect whatever. Such is the law and this court should so declare.