LUCILLE SOWERWINE, Plaintiff and Respondent, v.
ELBERT SOWERWINE, Defendant and Appellant.

No. 10762
Submitted September 17, 1964. Decided February 11, 1965.
Rehearing denied March 4, 1965.
399 P.2d 233.

William G. Mouat (argued), Billings, A. G. Shone (argued), Butte, for appellant.

Vance & Leaphart, Helena, C. W. Leaphart, Jr. (argued), Helena, for respondent.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal by defendant from two judgments of the district court of Lewis and Clark County entered on a proceeding by plaintiff-respondent for a divorce.

From the record it appears that on December 20, 1962, the respondent wife commenced an action for divorce on the ground of extreme cruelty, praying for an absolute divorce, custody of two minor children, $150 per month as support, and attorney's fees and costs. In addition, on December 20, a restraining order was issued by the court directing the appellant to refrain from committing certain acts. Summons was issued on that same date, but no service was had upon the appellant at that time.

Although the record in this case consists of the judgment roll only, and we do not have the benefit of testimony and other matters, certain facts have been brought to this court's attention during oral argument and are not disputed. These general facts shed some light on what may appear to be an unusual situation in service of process in a divorce action.

Appellant and respondent, husband and wife, were residents of Helena. Following marital discord, and the resulting complaint for divorce, attempts were made at reconciliation, but

without success. Prior to what appears hereafter as personal service of process in Canada, the appellant father disappeared, allegedly after having taken one of the minor children, the subject of the custody and injunctive orders appearing herein. The appellant was next found in Canada.

Thereafter, on June 3, 1963, W. B. Cromarty, a lawyer of Calgary, Alberta, Canada, made a return, averring under oath, that he had received a copy of the summons and complaint and had personally served the same on the appellant, Elbert Sowerwine. On that same day, Mr. Cromarty also served upon the appellant a copy of the restraining order.

Thereafter, the default of the appellant was entered on July 1, 1963, and judgment was granted on July 3, 1963, affording respondent the relief for which she had prayed.

Prior to the entry of the judgment just referred to, but subsequent to the personal service of process in Canada of June 3, counsel for the respondent, on June 17, made and filed an affidavit of publication of summons. On the following day, June 18, an order of publication of summons was made by the clerk of the district court of Lewis and Clark County. The affidavit of publication dated July 3, 1963, states that the publication of summons was made on June 19, 26, and July 3, 1963, in the Helena Independent Record, making in all three dates of publication.

On July 24, 1963, praecipe was entered by respondent which recited, in substance, that appellant had been served with summons by publication pursuant to sections 93-3014 and 93-3015, R.C.M.1947, which had been repealed January 1, 1962; that he had failed to appear by answer or otherwise, and requested that default against appellant be entered in the action. Accordingly, on that same date the default of the appellant was entered, as was another decree of divorce which granted to respondent the same relief in substantially the same terms as the decree which had been entered on July 3, 1963. Thus, in summary, the respondent acquired on her single complaint,

dated December 20, 1962, two decrees of divorce against the same party, viz., the first decree dated July 3, 1963, based upon personal service of June 3, 1963, and the second decree dated July 24, 1963, founded upon service by publication of summons, the last publication of which was made on July 3, 1963.

On this appeal, it is contended that the court below erred in entering either or both of the judgments on the ground that it was without jurisdiction. Further, that the restraining order deprives the appellant of his freedom of speech in that it eliminates his right to visit or speak to his children; that it deprives him of his right of due process; and such restraining order is, therefore, violative of the respective provisions of both the State and Federal Constitutions.

The appellant remained silent for nearly five months after the last judgment was entered on July 24, 1963. He did not file any motion to set aside either of the judgments in the court of original jurisdiction. On December 31, 1963, he filed his notice of appeal from both judgments which brought the matter to this court for determination.

With regard to the judgment entered on July 3, 1963, appellant insists, and rightly so, that he had forty days in which to answer after being personally served with summons and complaint in Canada on June 3, 1963. Rule 4(D) (5) (g), M.R.Civ.P., effective January 1, 1962, provided that: Service by publication is complete upon the expiration of 20 days after the last publication of the summons, *or in the case of personal service of the summons and complaint upon the defendant out of the state, upon the expiration of 20 days after the date of such service.* Rule 12(a), M.R.Civ.P., prior to its amendment on July 1, 1963, provided, in part, that: A defendant shall serve his answer within 20 days after the service of the summons and complaint upon him, *or within 20 days after the completion of service of process as provided in Rule 4.* By the terms of the rules then existing, service upon the ap-

pellant was complete on June 23 under Rule 4, and the additional 20 days provided under Rule 12 gave the defendant until July 13, 1963, to file his answer or otherwise appear. (See Mason, Montana Rules of Civil Procedure, 23 Mont.LawRev. 3, 13 (1961-1962).)

Appellant asserts that because the default judgment was entered prematurely the court had no jurisdiction and that its decree, therefore, was null and void.

█ █  In attacking the jurisdiction of the court below to render its decree, appellant does not deny that he was personally served with a copy of the summons and complaint in Canada, nor that such service was complete on June 23, 1963. The argument regarding lack of jurisdiction is predicated solely on the ground that the default judgment was entered prematurely. This contention does not accord with the law of this state either as it existed before the adoption of the Rules of Civil Procedure or thereafter. Jurisdiction of the court attaches at the time of personal service of the complaint and summons. State ex rel., Duckworth v. District Court, 107 Mont. 97, 100, 80 P.2d 367 (1938); Haggerty v. Sherburne Merc. Co., 120 Mont. 386, 392, 186 P.2d 884 (1947); Clinton v. Miller, 124 Mont. 463, 478, 226 P.2d 487 (1951). By these authorities the question is not whether the court had jurisdiction, but rather, whether such jurisdiction, once acquired, was properly exercised. Cases involving default judgments prematurely entered are not new to this court. In Paramount Publix Corp. v. Boucher, 93 Mont. 340, 348, 19 P.2d 223, 226 (1933), this court said:

"It is therefore apparent that the default, and the default judgment, were prematurely entered. Such a judgment is not void, but voidable (Batchoff v. Butte Pac. C. Co., 60 Mont. 179, 198 P. 132) * * *."

In the recent case of Interstate Counseling Service v. Emeline, 144 Mont. 409, 396 P.2d 727, we agreed "that an error in the entry of the default judgment renders that judgment 'voidable' but not 'void'."

■ Counsel for the appellant, in supplemental brief, argues that default judgments entered pursuant to Rule 55(c), M.R. Civ.P., may, under Rule 60(b), be set aside by the court on motion when "(4) the judgment is void." It follows from what we have just said that Rule 60(b) (4), can have no application here, inasmuch as the judgment rendered July 3, 1963, was merely voidable.

■ With regard to the question of the court's jurisdiction to enter the decree of July 24, 1963, based upon service of summons by publication, the appellant stands on firmer ground. Under the Rules of Civil Procedure, the personal service had upon the appellant on June 3, 1963, precluded further service by publication of summons thereafter. See Rule 4(D) (5) (a), M.R.Civ.P. Accordingly, the decree of the court dated July 24, 1963, was a nullity and must be vacated.

■ In connection with appellant's argument that the order of the court permanently restraining him from "interfering with, bothering, molesting, talking to" the respondent or the minor children is a violation of his constitutional rights, we need only note that the rule is otherwise. 17A Am.Jur., Divorce and Separation, § 829. The restraining order is still in full force and effect.

Having heretofore ruled that the default entered on July 1 was prematurely entered, and that the subsequent judgment of July 3 was therefore voidable, we hereby order that such default and judgment be set aside, the defendant allowed to appear to answer and further plead, and that he have twenty days from and after receipt by his counsel of record of this opinion in which to appear. Costs to be borne by defendant and appellant here.

It is so ordered.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN CONWAY HARRISON, ADAIR and CASTLES concur.