IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 14620

STATE OF MONTANA ex rel.
CARMEN D. MARLENEE,

Relator,

vs.

DISTRICT COURT OF THE FIFTEENTH
JUDICIAL DISTRICT OF THE STATE
OF MONTANA, IN AND FOR THE COUNTY
OF DANIELS and THE HONORABLE M.
JAMES SORTE, the Judge thereof,

Respondents.



ORDER

PER CURIAM:

Respondents' petition for rehearing and relator's objections thereto having been filed herein and considered by the Court,

IT IS ORDERED;

That the opinion in the above named cause, decided on March 8, 1979, is modified as follows:

(1) On Page 6, lines 2 through 8 are deleted and the following put in their place.

> "The district court shall enter a decree of dissolution of marriage if:
>
> " . . .
>
> "(b) the court finds that the marriage is irretrievably broken, which finding shall be supported by the evidence:
>
> "(i) that the parties have lived separate and apart for a period of more than 180 days next preceding the commencement of this proceeding; or
>
> "(ii) that there is serious marital discord which adversely affects the attitude of one or both of the parties towards the marriage; . . ." Section 48-316, R.C.M. 1947, now section 40-4-104 MCA. (Emphasis supplied.)

- 1 -

(2) On page 3, line 11 from the top of the page, the words "Both counsel were present." are deleted.

As so modified, the petition for rehearing is denied.

DATED this 29d day of March, 1979.

_____
Chief Justice

_____

_____

_____
Justices

- 2 -

No. 14620

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

_____

STATE OF MONTANA, ex rel.,
CARMEN D. MARLENEE,

Relator,

-vs-

DISTRICT COURT OF THE FIFTEENTH
JUDICIAL DISTRICT OF THE STATE OF
MONTANA, IN AND FOR THE COUNTY OF
DANIELS and THE HONORABLE M. JAMES
SORTE, the Judge thereof,

Respondents.

_____

ORIGINAL PROCEEDING:

Counsel of Record:

For Relator:

Gene Huntley, Baker, Montana

For Respondents:

James Sinclair, Billings, Montana

_____

Submitted on briefs: February 13, 1979

Decided:MAR 8 - 1979

Filed:MAR 8 - 1979

_Thomas J. Kearney_
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This is an original application for a writ of supervisory control or alternatively for a writ of review seeking reversal of a District Court order dissolving a marriage. We ordered briefs filed and the application is now before us for determination.

The underlying action to which this application relates is cause number 3096 in the District Court of Daniels County entitled "In re: The Marriage of Carmen D. Marlenee, Petitioner, and Ronald C. Marlenee, Respondent." In that action the wife sought a dissolution of the marriage, custody of the minor children of the parties, and a division of the marital property whereby she would receive the husband's equity in the farm and ranch real estate, machinery and cattle, and the residence and furniture in Scobey in lieu of child support and the husband would receive all other property of the parties including a chalet.

The husband filed a response in that action admitting the marriage was irretrievably broken; admitting that the wife was a fit person for custody of the minor children and that the children's best interests would be served by awarding their custody to the wife; denying that he was not a fit and proper person for the custody of the children as alleged by the wife; denying that the property division sought by the wife is equitable; and seeking an equitable division of the marital property.

During the course of proceedings the deposition of the husband was taken and various motions were filed by the parties.

On November 9, 1978 the district judge set all pending motions for hearing in Wolf Point, Roosevelt County, Montana on November 21. Roosevelt County is in the same judicial district (the 15th) as Daniels County; the presiding district judge was the district judge of the entire fifteenth judicial district. The time and place where the motions would be heard was for the

accomodation of counsel. Both counsel orally stipulated to the time and place of hearing and that the matter would be deemed to have been heard in Daniels County.

The order was subsequently vacated because of a conflict involving the wife's counsel. On November 22 an order was entered setting the hearing on dissolution of the marriage and all pending matters for November 28 in Sidney, Richland County, Montana outside the fifteenth judicial district but before the same presiding judge of the fifteenth judicial district.

The hearing was held as scheduled in Sidney, Richland County, Montana. Both counsel were present. Neither of the parties personally appeared. No objections to the time and place of hearing appear in the record of the hearing.

On November 29, the presiding judge entered an order (1) granting the husband's motion for judgment on the pleadings on the divorce issue and declaring the marriage dissolved, (2) reserving division of the marital property for a later hearing and determination, and (3) ordering the parties not to transfer, dispose or encumber the property except in the usual course of business or for the necessities of life. No findings of fact or conclusions of law were made or issued, nor was any determination made on custody of the minor children.

In the application for a writ of supervisory control or a writ of review now before this Court, the wife seeks to vacate and set aside the decree dissolving the marriage. She lists two legal issues for review: (1) whether the District Court can grant a divorce without a hearing where both parties have alleged that the marriage is irretrievably broken; (2) whether a divorce can be granted by a judge outside the district in which he is authorized to act.

We accept jurisdiction to review these issues by writ of supervisory control. We are empowered to do so by Article VII,

- 3 -

Section 2(1) granting us "original jurisdiction to issue, hear, and determine writs of habeas corpus and other writs as may be provided by law", and by Article VII, Section 2(2) granting this Court "general supervisory control over all other courts". The writ of supervisory control has been a part of the law of this state for over 50 years. State ex rel. Rubin v. District Court et al. (1921), 62 Mont. 60, 203 P. 860; State ex rel. Heinze v. District Court etc. (1905), 32 Mont. 579, 81 P. 345.

We consider this a proper case for a writ of supervisory control because relator wife has no plain, speedy and adequate remedy at law by appeal. Rule 54(b), M.R.Civ.P. provides:

> "(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or any other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Here there was no express determination by the District Court that there is no just reason for delay in judgment on the claim for dissolution of the marriage nor is there an express direction for entry of judgment thereon. Without these prerequisites, relator wife cannot appeal from the order dissolving the marriage at this time nor at any time prior to entry of judgment or decree on all issues before the District Court. Krusemark v. Hansen et al. (1979), _____Mont._____, _____P.2d_____, 36 St.Rep. 159.

Respondent husband directs our attention to section 48-328, R.C.M. 1947, now section 40-4-108 MCA, providing that a decree of dissolution of marriage is final when entered, subject to the

- 4 -

right of appeal and Rule 1, M.R.App.Civ.P. providing for an appeal from a final judgment. Neither of these sections grant the right of immediate appeal from a partial judgment. Instead the right of immediate appeal from a judgment on a part but not all of the claims for relief in a single action is governed by Rule 54(b), M.R.Civ.P., as discussed in the preceding paragraph.

Having accepted jurisdiction of the application for a writ of supervisory control, we are confronted with the question of whether a District Court can grant a judgment on the pleadings dissolving the marriage where both parties allege the marriage is irretrievably broken without an evidentiary hearing and entry of findings to that effect supported by the evidence.

Relator wife argues that the District Court cannot under the Uniform Marriage and Divorce Act (UMDA) enacted by the Montana legislature cite McKim v. McKim (1972), 100 Cal.Rptr. 140, 493 P.2d 868, in support. Respondent husband contends the District Court can, or alternatively that the pleadings plus his deposition empower the District Court to grant judgment of dissolution. Finley v. Finley (1953), 43 Wash.2d 755, 264 P.2d 246, 42 ALR2d 1379; Friedman v. Friedman (1974), 233 Ga. 254, 210 S.E.2d 754; and the dissenting opinion in McKim, supra.

We note that although the District Court indicated at the hearing respondent husband's deposition would be considered, the order dissolving the marriage was simply a judgment on the pleadings. It will be so considered in this opinion.

Whatever the law may be in other jurisdictions, the Montana legislature has established the law in Montana. The UMDA as enacted in Montana provides:

> "The court, after hearing, shall make a finding whether the marriage is irretrievably broken . . ." Section 48-319, R.C.M. 1947, now section 40-4-107 MCA. (Emphasis supplied.)

No such finding was made in this case.

- 5 -

The UMDA as enacted in Montana further provides:

"The district court shall enter a decree of
dissolution of marriage if:

" . . .

"(b) the court finds that the marriage is irre-
trievably broken, which findings shall be supported
by evidence." Section 48-316, R.C.M. 1947, now
section 40-4-104 MCA.

No such evidence was introduced or findings made in this case.

Respondent husband argues that the District Court's order is a judgment on the pleadings and that all necessary allegations are contained in the petition and response in that court, both of which were under oath and all pertinent and required allegations were admitted.

We have no quarrel with the general law permitting entry of judgment on the pleadings in cases where the necessary allegations are admitted. However, Montana law is equally clear that a specific statute is enacted governing a particular subject, the general statute or law must yield to the specific statute to the extent of any conflict. Huber v. Groff (1976), ____Mont.____, 558 P.2d 1124, 1134, 33 St.Rep. 1124; State ex rel. Browman v. Wood (1975), 168 Mont. 341, 543 P.2d 184. Here the specific statutes governing dissolution of marriage (UMDA) require the court to make findings that the marriage is irretrievably broken supported by evidence which controls over any general statutes or law on judgments on the pleadings to the extent of any inconsistency.

In view of our holding on this issue we need not reach or decide the second issue.

We hold the judgment of dissolution of the marriage was prematurely entered for the reasons stated in this opinion.

_____
Chief Justice

- 6 -

We concur:

_Jean B Daly_

_John Conway Harrison_

_Daniel J. Shea_

_John C. Sheehy_

Justices