**FRANCIS E. JACKSON, JR. and TONI JACKSON, Plaintiffs**

v.

**IBERIA AIRLINES OF SPAIN, Defendant**

Civil No. 1982-28

District Court of the Virgin Islands

Div. of St. Thomas and St. John

April 6, 1984

FRANCIS E. JACKSON, JR., ESQ., St. Thomas, V.I., *for plaintiffs*

VERONICA J. HANDY, ESQ., St. Thomas, V.I., *for defendants*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

Before the Court are the motion of plaintiffs for reconsideration of our memorandum and order dated September 8, 1983, and the motion of defendant for leave to amend its answer to interpose a second affirmative defense.

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend a pleading "shall be freely given when justice so requires." Defendant desires to assert as an affirmative defense the limitations of liability contained in the tariffs defendant has filed with the Civil Aeronautics Board. We believe defendant should be allowed to amend its answer to include such an affirmative defense, and therefore the motion to amend will be granted.

Plaintiffs now ask that we reconsider our memorandum and order dated September 8, 1983, in which we denied plaintiff's request for partial summary judgment. The motion must be denied.

■ Rule 56 of the Federal Rules of Civil Procedure provides that a party may seek summary judgment as to a "claim, counter-claim, or cross-claim" asserted either by or against him. Rule 56(a) and (b). In our September 8, 1983, memorandum and order, we were considering plaintiffs' motion for summary judgment as to defendant's affirmative defense. It has been held that where there is a negative defense and an affirmative defense, plaintiff is entitled to summary judgment only in the event that there is no genuine issue of material fact as to both the negative and affirmative defenses and where plaintiff is entitled to judgment as a matter of law. Anderson v. United States, 182 F.2d 296 (1st Cir. 1950). 6 Moore's Federal Practice ¶56.17[4] (1982). Also, if there is more than one affirmative defense asserted, summary judgment may not be granted as to only one such defense, but may be granted only, if appropriate, as to all affirmative defenses asserted. Holdeen v. United States, 116 F.Supp. 76 (S.D.N.Y. 1960). If it were otherwise, the Court would, in effect, be granting an advisory opinion, for an affirmative defense is not a "claim, counterclaim, or cross-claim" upon which relief can be granted.

■ Applying these principles to the instant case, we note that defendant's answer contains no negative defense. It will, however, contain two affirmative defenses as amended. Because plaintiffs' summary judgment motion is addressed to only one affirmative defense we will deny the motion to reconsider at this time, without

prejudice to plaintiffs renewing their summary judgment motion so as to encompass both affirmative defenses asserted by defendant.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of defendant for leave to amend its answer be, and the same is hereby, GRANTED; and

IT IS FURTHER ORDERED that the motion of plaintiffs for reconsideration be, and the same is hereby DENIED.