No. 84-340

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

IN RE THE MARRIAGE OF

LOIS MARIE KRAUT,

      Petitioner and Appellant,

  and

MAURICE RAYMOND KRAUT,

      Respondent and Respondent.

_____

APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Mark Sullivan, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Harrison, Yeshe & Thweatt; Harold H. Harrison,
Helena, Montana

    For Respondent:

        Smith Law Firm; Robert J. Sewell, Helena, Montana

_____

Submitted on Briefs:  Jan. 18, 1985

Decided:  March 7, 1985

Filed:

*Ethel M. Harrison*

_____
Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the opinion of the Court.

Summary judgment was entered January 26, 1981, in the First Judicial District Court, County of Lewis and Clark, dissolving the marriage of Lois Marie Kraut (wife) and Maurice Raymond Kraut (husband). On April 5, 1984, wife filed a motion to vacate that judgment. Wife's motion was denied June 13, 1984. She appeals.

Wife filed a petition for dissolution of marriage on November 3, 1978. Husband filed a response and counter-petition on November 22, 1978. Each party alleged in its verified petition that the marriage was irretrievably broken in that there is serious marital discord which adversely affects the attitude of one or both of the parties toward the marriage.

The hearing on the petition for dissolution was set for January 21, 1981. Counsel for the respective parties appeared. Neither of the parties personally appeared. Husband's counsel moved for summary judgment, based on the pleadings, on the issue of dissolution. Wife's counsel did not object. Subsequent to the hearing, husband's counsel filed a written motion for summary judgment. The motion was granted on January 26, 1981. The issues of maintenance, custody, support, attorneys' fees and costs were reserved and remain undecided today.

On April 5, 1984, wife moved to have the January 1981 judgment declared void and vacated, apparently pursuant to Rule 60(b)(4), M.R.Civ.P. Specifically, wife alleged that because the first trial judge had not held a hearing and received evidence on the issue of the irretrievable breakdown of the marriage, he lacked jurisdiction to dissolve the marriage. A judgment entered without jurisdiction is void.

2

Shields v. Pirkle Refrigerated Freightlines, Inc. (1979), 181 Mont. 37, 591 P.2d 1120.

The present trial judge agreed with wife that an evidentiary hearing should have been held on the issue of whether or not the marriage was irretrievably broken. He further held that failure to conduct such a hearing resulted in a premature judgment. Since premature judgments are voidable rather than void, State ex rel. Marlenee v. District Court (1979), 181 Mont. 59, 592 P.2d 153, and wife had waited three years before contesting the dissolution, wife's motion to vacate was denied. We affirm the decision of the District Court.

The Uniform Marriage and Divorce Act (UMDA) was adopted in Montana in 1975. One of its primary purposes is to abolish the traditional, fault-finding grounds for divorce. The UMDA recognizes that it is not necessary to place blame on a particular party before dissolving a marriage. Rather, the UMDA recognizes that sometimes marriages fail for no specific reason and that when a marriage becomes "irretrievably broken," it should be dissolved at the request of one or both of the parties to it.

However, the parties to a marriage cannot, under the UMDA, just tell a judge their marriage is irretrievably broken and automatically be granted a dissolution. "[Section 305 of the UMDA] makes the determination of whether the marriage is irretrievably broken, in all cases, a matter for determination by the court, 'after hearing,' which means 'upon evidence.' . . . [T]he determination of breakdown should be a judicial function rather than a conclusive presumption arising from the parties' testimony or from the petition." Commissioners' Note to §305, UMDA.

3

A marriage is found to be irretrievably broken if the parties have lived separately and apart for at least 180 days or if "there is serious marital discord which adversely affects the attitude of one or both of the parties towards the marriage." Section 40-4-104(1)(b)(i) and (ii), MCA (Section 302(a)(2)(i) and (ii), UMDA). Evidence supporting either of these determinations must be presented at a hearing and the court must thereafter make a finding whether or not the marriage is irretrievably broken. Section 40-4-107, MCA (Section 305, UMDA).

Wife alleges that since the first trial judge failed to conduct a hearing and take evidence on the issue of whether or not the marriage was irretrievably broken, he lacked jurisdiction to dissolve the marriage. We disagree. The trial court had jurisdiction over this dissolution because petitioner (wife) had been domiciled in the state for at least ninety (90) days prior to filing her petition for dissolution (§40-4-104(1)(a), MCA), and because husband appeared and filed his own counter-petition, (Rule 4B(2), M.R.Civ.P.).

Further, §40-4-105, MCA, states in relevant part:

"(1) The verified petition in a proceeding for dissolution of marriage or legal separation shall allege that the marriage is irretrievably broken and shall set forth:

". . .

"(c) that the jurisdictional requirements of 40-4-104 exist and that the marriage is irretrievably broken . . . ." (emphasis supplied)

Clearly, the jurisdictional requirements are considered to be separate and distinct from the allegation that the marriage is irretrievably broken.

Failure to conduct a hearing and accept evidence on the issue of whether or not a marriage is irretrievably broken is

4

a procedural rather than a jurisdictional defect. Since no such hearing was held and no evidence taken, the judgment dissolving the marriage was premature. <u>Marlenee</u>, 181 Mont. at 64-65, 592 P.2d at 156. Premature judgments are not void. Interstate Counseling Service v. Emeline (1964), 144 Mont. 409, 396 P.2d 727; Sowerwine v. Sowerwine (1965), 145 Mont. 81, 399 P.2d 233. Therefore, they can not be vacated pursuant to Rule 60(b), M.R.Civ.P. The June 13, 1984, order of the District Court denying petitioner's motion to vacate is affirmed.

Premature final judgments are subject to review on appeal. The premature summary judgment in this case is not yet ripe for appeal because issues collateral to the dissolution remain undecided. <u>Marlenee</u>, 181 Mont. at 62-63, 592 P.2d at 154-155. Rule 1, M.R.Civ.App.P. The only method by which the premature judgment itself can be reviewed by this Court at this point is with a Rule 54(b), M.R.Civ.P. certification.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

5