No. 85-420

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

IN RE THE MARRIAGE OF
LOIS MARIE KRAUT,

        Petitioner and Appellant,

   and

MAURICE RAYMOND KRAUT,

        Respondent and Respondent.

---

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Mark Sullivan, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Harrison, Yeshe & Thweatt; Harold H. Harrison, Helena,
        Montana

    For Respondent:

        Smith Law Firm; Rebecca Smith, Helena, Montana

---

                  Submitted on Briefs: Dec. 5, 1985

                      Decided: February 20, 1986

Filed:

    FEB 20 1986

_____
              Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

This divorce case is before the Court for the second time. The first time the case was here, we affirmed the District Court's denial of wife's Rule 60(b), M.R.Civ.P., motion to vacate a dissolution of marriage order. In Re the Marriage of Kraut (1985), 696 P.2d 981, 42 St.Rep. 268. We held that the judgment dissolving the marriage was not void and therefore could not be vacated pursuant to Rule 60(b). Kraut, 696 P.2d at 983. We suggested, however, that the dissolution order itself could be reviewed by this Court only after Rule 54(b), M.R.Civ.P., certification. Kraut, 696 P.2d at 983. Wife obtained Rule 54(b) certification of the dissolution order from the District Court and now appeals.

The issue on appeal is whether or not an order of dissolution rendered without hearing should be set aside. Because the underlying dispute here concerns the effective date of dissolution for purposes of determining marital property, we will also consider whether or not the dissolution order was effective when issued prior to its Rule 54(b), certification.

Wife filed a petition for dissolution of marriage in November 1978. Husband immediately filed a response and counter-petition. Each party alleged in their petitions and stipulated in the January 21, 1980, pretrial order that the marriage was irretrievably broken. Husband moved for summary judgment of dissolution. On January 26, 1981, the District Court found the marriage irretrievably broken, based on the pleadings, and granted summary judgment on the dissolution issue. The issues of maintenance, custody, support, attorney fees and costs were reserved and remain undecided now.

Wife moved to vacate the 1981 summary judgment on April 5, 1984. This motion was denied by the District Court and we affirmed the denial in Kraut, supra. On June 28, 1985, wife obtained Rule 54(b) certification of the dissolution order and now appeals the issuance of that order to this Court.

In the interim, on July 2, 1984, wife remarried.

The last time we considered this dissolution order we determined that the order was premature because there was no hearing on whether or not the marriage was irretrievably broken as required by § 40-4-107, MCA. Kraut, supra. We further held that the premature judgment was voidable rather than void. Wife now argues that the voidable judgment must be set aside because it was premature. The argument is circular and unpersuasive.

A similar issue was before this Court in Interstate Counseling Service v. Emeline (1964), 144 Mont. 409, 396 P.2d 727. In that case, a default judgment had been entered without an affidavit of amount due even though the affidavit was required by Rule 55(b), M.R.Civ.P. The appellant moved to set aside the judgment on the sole ground that the affidavit had been omitted. We held that the judgment was voidable, but that we required additional reason to set the judgment aside. Our refusal to set the judgment aside was the result of our application of Rule 61, M.R.Civ.P. We will now apply Rule 61, M.R.Civ.P., to the facts of this instant case.

Rule 61, M.R.Civ.P., requires us to "disregard any error or defect in the proceedings which does not affect the substantial rights of the parties." Wife here has not shown us where she has been denied substantial rights. In fact,

she has provided us with no more reason to set aside the judgment than that the judgment was premature.

Wife points to several opinions by this Court where we have set aside judgments upon a showing that they were prematurely entered. See Sowerwine v. Sowerwine (1965), 145 Mont. 81, 399 P.2d 233; Paramount Publix Corporation (1933), 93 Mont. 340, 19 P.2d 223; and Taylor v. Southwick (1927), 78 Mont. 329, 253 P. 889. Each of these cases involve default judgments where the judgment was entered either before the allotted time to answer or amend had passed or in spite of the fact that the complaint had been answered properly. The judgments were thus entered prematurely, and we required no additional reason to set them aside. However, in each of these cases the showing that the judgments were entered prematurely also showed that a party was denied the right to assert its case to the court through pleadings. That denial of rights was sufficient reason to set aside the voidable judgments in accordance with Rule 61, M.R.Civ.P., and our holding in Interstate Counseling, supra.

The instant case is different. The wife has not been denied her right to plead or have her pleadings heard. Indeed, the summary judgment was in accordance with her pleadings. We now hold that the fact that a summary judgment of dissolution was premature for want of hearing is insufficient reason to set aside the judgment in this case. Because wife has offered us no more reason than that here, the judgment stands.

There is another issue lurking in appellant's briefs that we must consider in order that the District Court can determine marital property in the collateral proceedings. Wife argues that the dissolution order was not effective

until the final entry of judgment pursuant to Rule 54(b), M.R.Civ.P. If we agreed, the date of dissolution would be June 28, 1985, when the dissolution order was certified, instead of January 26, 1981, when the order was originally entered. However, we do not agree.

Wife points to the language of § 40-4-108, MCA, and the Commissioner's Comment to this statute.

Section 40-4-108, MCA, states:

> A decree of dissolution of marriage or of legal separation is final when entered, subject to the right of appeal. An appeal from the decree of dissolution that does not challenge the finding that the marriage is irretrievably broken does not delay the finality of the provision of the decree which dissolves the marriage beyond the time for appealing from the provision, and either of the parties may remarry pending appeal.

The Commissioner's Comment to the foregoing section states:

> Subsection (a)(1) abolishes interlocutory periods in those states which have them. **The decree of dissolution or separation will be effective when entered**, subject to the right of appeal. The second sentence of subsection (a)(1) is intended to authorize an appeal from a decree of dissolution which does not challenge the decree insofar as it is based on a finding that the marriage is irretrievably broken. In such cases, **either party is free to remarry as soon as the time for taking appeal has expired**, despite the fact that an appeal which does not challenge the dissolution may be pending. [Emphasis added.]

Wife then argues that according to **Kraut**, supra, the dissolution and judgment was not subject to appeal until after certification under Rule 54(b), and that the judgment was therefore ineffective until its certification. We note that this interpretation would render wife a bigamist, because she remarried before she certified the decree.

5

However, wife's interpretation is incorrect. In <u>Kraut</u> we only held that we could not <u>hear</u> the appeal until the order was certified pursuant to Rule 54(b). By § 40-4-108, MCA, the order was <u>subject</u> to appeal as soon as it was originally entered. The fact that we would not hear the appeal until the order was certified does not mean the order was not subject to appeal.

We interpret the above language from § 40-4-108, MCA, and its commentary to delay the effectiveness of decrees of dissolution only for appeals that challenge the finding that the marriage is irretrievably broken. The finding by the District Court that the marriage was irretrievably broken has never been challenged in this case. Only the procedure has been challenged on this appeal. Therefore, by the language of § 40-4-108, MCA, and the Commissioner's Comment to the section, the decree of dissolution was effective on January 26, 1981, when it was originally entered.

The District Court is now directed to continue the divorce proceedings in accordance with this opinion.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

6