No. 92-602

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

IN RE THE MARRIAGE OF

ANITA L. MILLER,

       Petitioner and Respondent,

  and

MICHAEL G. MILLER,

       Respondent and Appellant.

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Jeffrey M. Sherlock, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

           James D. Elshoff, Attorney at Law, Great Falls
           Montana

       For Respondent:

           J. Cort Harrington, Jr., Attorney at Law, Helena,
           Montana

Submitted on Briefs: April 1, 1993

Decided: August 10, 1993

Filed:

FILED

AUG 10 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Michael Miller appeals from the findings of fact, conclusions of law and decree of dissolution of marriage entered by the First Judicial District Court, Lewis and Clark County, and from the denial of his motion for relief from judgment. We affirm.

We restate the issues on appeal as follows:

1. Did the District Court abuse its discretion by failing to vacate the hearing pursuant to its scheduling order?

2. Did the District Court commit "jurisdictional" errors in dissolving the marriage?

3. Did the District Court err in distributing the marital property?

4. Is Michael entitled to relief from the dissolution decree pursuant to Rule 60(b), M.R.Civ.P.?

Michael and Anita Miller separated in May of 1990 after being married for approximately eleven months. Anita filed a petition for dissolution on April 30, 1992. She alleged that the marriage was irretrievably broken and that Michael was the father of her son, Michael Carter Miller (the child), and requested custody, child support, and an equitable distribution of the marital property.

Michael, a pilot with the U.S. Air Force, was stationed in Korea for the duration of the dissolution proceedings. In a response filed May 5, Michael admitted that the marriage was irretrievably broken but denied paternity. He requested that the

2

court require blood tests to establish paternity pursuant to § 40-6-112, MCA.

Following a June 5 scheduling conference, the court issued an order scheduling an October 8 hearing. The order also set dates for submission of various information and proposals and for completion of discovery. Finally, the order provided that parties or attorneys failing to comply with the order would be subject to sanctions and, further, that the hearing would be vacated if either party did not comply with the filing deadlines. Michael timely filed his financial declaration. Neither party complied with any of the other deadlines.

On July 13, the District Court ordered Michael to submit to blood testing in Helena. Anita and Michael were to share the costs of the tests, with reimbursement to the party prevailing on the paternity issue. The court later allowed Michael to have the blood test performed in Alabama, where he was on temporary duty.

On October 8, Anita filed proposed findings of fact and conclusions of law and a notice conceding the issue of paternity. She appeared with counsel and testified at the scheduled hearing. Neither Michael nor his attorney appeared. On October 15, the District Court entered findings of fact, conclusions of law and decree of dissolution of marriage.

Michael subsequently moved for relief from judgment pursuant to Rule 60(b), M.R.Civ.P. Because the District Court did not rule on the motion within 45 days, it was deemed denied pursuant to Rule 60(c), M.R.Civ.P. This appeal follows.

3

Did the District Court abuse its discretion by failing to vacate the hearing pursuant to its scheduling order?

Michael contends that Anita's noncompliance with the court-ordered deadlines entitled him to rely on the provision of the order that the hearing would be vacated. On that basis, he contends that the District Court erred in holding the October 8 hearing. Discretionary acts and rulings of the district court--such as whether to hold or vacate a hearing--will not be reversed absent an abuse of discretion. See Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 475, 803 P.2d 601, 603-04.

Michael did not request that the hearing be vacated. Thus, he essentially argues that the District Court was required to do so sua sponte. Michael cites no authority to support this argument, nor do we find any basis for compelling the court to execute enforcement provisions of a scheduling order absent a party's request. Furthermore, neither Michael nor his counsel appeared and objected to holding the hearing of which they had notice since June. We will not put a district court in error for a procedure in which the appellant acquiesced, participated, or to which appellant made no objection. Marriage of Smith (1990), 242 Mont. 495, 501, 791 P.2d 1373, 1377.

We hold that the District Court did not abuse its discretion by failing to vacate the hearing sua sponte.

Did the District Court commit "jurisdictional" errors in dissolving the marriage?

4

Michael asserts a number of errors in the District Court's findings, conclusions and decree which he characterizes loosely as jurisdictional defects. These assertions of error are not well taken.

First, Michael contends that the District Court's findings regarding domicile and irretrievable breakdown are unsupported in the record because Anita did not testify specifically that she had been domiciled within the state for the requisite number of days and that the marriage was irretrievably broken. We do not agree with the thrust of Michael's contention that testimony repeating the language of the statute is required to support the findings.

Anita testified that she had lived in Montana since May of 1990. This testimony supports the District Court's finding that she was domiciled in Montana for more than 90 days prior to the court's making of the finding. Thus, the jurisdictional requirement of § 40-4-104(1)(a), MCA, is satisfied.

Anita also testified that she separated from Michael in May of 1990. This testimony establishes that she and Michael had lived separate and apart for more than 180 days before the commencement of the proceedings; it constitutes substantial evidence to support the court's finding that the marriage was irretrievably broken under § 40-4-104(1)(b)(i), MCA.

Michael mistakenly relies on Marriage of Kraut (1985), 215 Mont. 170, 696 P.2d 981, for his assertion that a finding of irretrievable breakdown can be supported only by express testimony to that effect. Kraut requires only that a district court's

5

finding of irretrievable breakdown be supported by evidence presented at a hearing that the parties lived separate and apart for at least 180 days or that serious marital discord exists which adversely affects the attitude of one or both of the parties. Kraut, 696 P.2d at 982-83. Here, the hearing and evidence requirements of Kraut were met.

Michael also argues, without any citation to authority, that the court committed a jurisdictional error by dissolving the marriage without testimony indicating whether Anita was pregnant. A petition for dissolution of a marriage must set forth whether the wife is pregnant. Section 40-4-105(1)(d), MCA. Anita's petition complied with this statute. There is no requirement for testimony or findings on this subject.

Finally, Michael contends that the Soldiers' and Sailors' Civil Relief Act (the Act), 50 U.S.C. App. §§ 501 et seq., precludes the District Court from dissolving the marriage and distributing the marital property without giving him an opportunity to defend against Anita's claims. He cites no specific provision of the Act to support this contention.

The only provision of the Act which arguably might bar the District Court from entering the decree of dissolution due to Michael's failure to appear at the hearing is § 520. That provision sets forth procedural safeguards and relief applicable when there is a "default of any appearance" by a defendant. 50 U.S.C. App. § 520(1).

The phrase "default of any appearance" has not been

6

interpreted to include the failure of a defendant to appear at a single stage of the proceedings. A defendant must fail to make any appearance whatsoever in the proceedings culminating in the entry of a judgment in order to invoke the protections of § 520. Smith v. Davis (N.C. App. 1988), 364 S.E.2d 156, 158; Chenausky v. Chenausky (N.H. 1986), 509 A.2d 156, 158; and Cloyd v. Cloyd (Mo. Ct. App. 1978), 564 S.W.2d 337, 344.

The record reflects that Michael appeared in the dissolution proceedings. He filed a response and counterpetition, participated in the June 5 scheduling conference, moved the court to allow his blood to be drawn in Alabama, and filed a financial declaration. Because there was no "default of any appearance" within the meaning of § 520, the Soldiers' and Sailors' Civil Relief Act did not preclude the District Court from dissolving the marriage.

We hold that the District Court did not commit jurisdictional errors in dissolving the marriage and that the findings required by § 40-4-104, MCA, are supported by substantial evidence and are not clearly erroneous.

Did the District Court err in distributing the marital property?

Michael contends that the District Court erroneously found that he possessed a 1990 Dodge Charger pickup valued at $5,000, awarding $2,500 to Anita as compensation for her interest in the vehicle. He also contends that the court's findings failed to identify property in Anita's possession which belonged to his

7

father. Our standard for reviewing factual findings of a district court relating to the division of marital property is whether the court's findings are clearly erroneous. Marriage of Danelson (1992), 253 Mont. 310, 317, 833 P.2d 215, 219.

Testimony at the hearing established Michael's possession of the pickup and a value range of $8,000 to $10,000. The testimony was unrefuted. Furthermore, the court's findings incorporated Anita's testimony that she was in possession of certain personal property to which Michael was entitled; this property includes most of the items Michael now alleges belong to his father.

Michael did not appear at the hearing and did not present evidence to refute Anita's testimony or provide a basis for different findings by the court. We hold that the District Court's findings relating to the pickup and other property are supported by substantial evidence and are not clearly erroneous.

Is Michael entitled to relief from the dissolution decree pursuant to Rule 60(b), M.R.Civ.P.?

Michael makes scattered and unfocused arguments that the District Court erred in refusing to grant his Rule 60(b), M.R.Civ.P., motion for relief from the decree. First, Michael asserts that he is entitled to relief from the decree based on Anita's alleged failure to disclose minor assets and liabilities. He contends that these failures to disclose constituted extrinsic fraud justifying relief from the decree under Rule 60(b), M.R.Civ.P.

8

Extrinsic fraud is an intentional act by the prevailing party that prevents the unsuccessful party from having a fair submission of the controversy. Brown v. Small (1992), 251 Mont. 414, 420, 825 P.2d 1209, 1213. The fraud must deny the unsuccessful party the opportunity to have a trial or to fully present her or his side of the case. Marriage of Barnes (1992), 251 Mont. 334, 337, 825 P.2d 201, 204, and Marriage of Lance (1981), 195 Mont. 176, 179-80, 635 P.2d 571, 574.

Here, no act by Anita--intentional or otherwise--prevented Michael from presenting evidence or having his day in court. Michael had the opportunity to present evidence regarding the extent and value of the marital assets and liabilities at the hearing; he failed to do so. We will not mandate Rule 60(b) relief over relatively minor disputes in property valuation or identification where a party does not appear and present evidence concerning such matters at hearing.

Michael also advances several arguments relating to the paternity issue which he characterizes as "other reasons justifying relief" under Rule 60(b)(6), M.R.Civ.P. At the outset, we observe that a court may grant relief from judgment under subsection (6) only when extraordinary circumstances are found to exist. Koch v. Billings School District No. 2 (1992), 253 Mont. 261, 267-69, 833 P.2d 181, 185-86; Marriage of Castor (1991), 249 Mont. 495, 500, 817 P.2d 665, 668; and Marriage of Waters (1986), 223 Mont. 183, 187, 724 P.2d 726, 729.

Michael first argues that the case was not ready for

9

litigation because Anita and the child had not submitted blood for testing. This argument is without merit since neither Anita nor the child were ever ordered to submit to blood tests.

Michael also argues that Anita "amended" her petition by conceding the paternity issue on the date of the hearing. On that basis, Michael contends that he was entitled to respond to the "amendment" within 10 days under Rule 15(a), M.R.Civ.P. Anita's concession neither added nor removed a claim before the court. Testimony was given and the court determined that Michael was not the child's father. Both the concession and the District Court's determination were in accord with Michael's position on the issue. Under such circumstances, the concession provides no basis for Rule 60(b) relief.

Finally, Michael argues that because he was the prevailing party on the paternity issue, the court erred by failing to require Anita to reimburse one-half of his expense in obtaining the blood tests pursuant to its July 13 order. While this may have been appropriately raised at the hearing or in proposed findings and conclusions, it is not an extraordinary circumstance justifying relief from the decree.

We hold that Michael is not entitled to relief from the dissolution decree pursuant to Rule 60(b), M.R.Civ.P.

Affirmed.

_____
Justice

10

We concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_William E. Hunt_

_Justices_

August 10, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

JAMES D. ELSHOFF
Attorney at Law
P.O. Box 2323
Great Falls, MT 59403

CORT HARRINGTON
Attorney at Law
P.O. Box 514
Helena, MT 59624-0514

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy