No. 98-642

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 152N

STATE OF MONTANA, DEPARTMENT

OF LABOR & INDUSTRY, ex rel.,

KEVIN R. HANCOCK,

Plaintiff and Respondent,

v.

SPARSE MILLER, individually and

d/b/a SUN RUNNER,

Defendant and Appellant.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

The Honorable Jeffrey M. Sherlock, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Sparse Miller, Bozeman, Montana (*pro se*)

For Respondent:

Daniel B. McGregor, Department of Labor and Industry, Helena,

Montana (for Montana Department of Labor and Industry)

Karl P. Seel, Attorney at Law, Bozeman, Montana (for Kevin R. Hancock)

Submitted on Briefs: May 27, 1999

No

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. Sparse Miller, individually and doing business as Sun Runner (Miller), appeals from the order of the First Judicial District Court, Lewis and Clark County, denying Miller's motion to set aside a default judgment entered in favor of the Montana Department of Labor and Industry (the Department). We affirm the decision of the District Court.**

**¶3. In his appeal, Miller relies on both Rules 55(c) and 60(b), M.R.Civ.P., in seeking to set aside the default judgment. We note, however, that in the District Court, Miller relied solely upon Rule 60(b), M.R.Civ.P. Furthermore, Rule 55(c), M.R.Civ.P., applies to setting aside a *judicial* entry of default. The present matter derives from a judgment to enforce a final administrative decision under § 39-3-212, MCA, rather than a judicial entry of default. Accordingly, in addressing this appeal, we focus on Rule 60(b), M.R.Civ.P.**

Background

¶4. Keven Hancock (Hancock) began working for Sun Runner Subaru in 1994. On November 28, 1997, Hancock filed a claim with the Wage and Hour Unit of the Department, stating that Miller had refused to pay him $10,600 in wages earned during September and October, 1997. A compliance specialist with the Department sent Miller a letter on December 1, 1997, informing him that Hancock had filed a claim and that Miller had until December 8, 1997, to respond. The letter further advised Miller that if he failed to respond, the Department would assume that the claim was correct and would issue a determination for the wages claimed and a penalty in the amount of 110% of those wages.

¶5. When Miller did not respond, the compliance specialist issued a determination that Miller owed Hancock $10,600 in wages and $11,660 in penalties. The written determination advised Miller that he could appeal or request a redetermination, in writing, provided that it was postmarked by January 5, 1998. Miller filed an appeal which was postmarked January 6, 1998. The Department thus treated the appeal as untimely and entered an Order on Default. The order specifically notified Miller that he could appeal the default to the Board of Personnel Appeals if he filed a notice postmarked no later than February 10, 1998. Miller did not file an appeal from that order.

¶6. The Department then requested and received a Final Order of Judgment from the District Court. The notice of entry of Judgment was mailed to Miller on March 6, 1998. On April 22, 1998, Miller filed a motion to set aside the default judgment pursuant to Rule 60(b)(1), M.R.Civ.P., which allows a court to set aside a judgment for "mistake, inadvertence, surprise, or excusable neglect," and pursuant to subsection (6), which allows relief for "any other reason justifying relief from the operation of the judgment." Rule 60(b)(1), (6), M.R.Civ.P.

¶7. Miller argues on appeal, as he did below, that he had a meritorious defense to Hancock's claim and, thus, that he should be relieved from the judgment. He contends that, had the Department investigated the claim rather than enter a default judgment, it would have discovered that Hancock was over billing and charging Miller for work related to an unauthorized car sale.

¶8. The District Court held that, even if Miller had a meritorious defense, that defense did not warrant relief from the default judgment because he had failed to avail himself of the numerous opportunities to raise the defense. In particular, the

## District Court held:

Miller may indeed have a meritorious defense to Hancock's wage claim, but he has not given the Court sufficient reason to set aside the default. The default judgment was entered at the agency level due to Miller's own lack of response, not to a subsequent change in law, flaw in the process, or other circumstance which would warrant relief from the judgment. His proffered explanations for failing to respond to the Department's letters and determinations are unsatisfactory. Although he blames his lack of response and untimeliness on confusion, stress, and a desire not to appear redundant, these circumstances are far from extraordinary and do not justify setting aside the default judgment.

We agree.

**¶9. Miller was given three opportunities to respond and raise any defenses that he had to Hancock's claim. He failed to respond to the Department's initial letter which forewarned him that such failure would result in a determination that he owed wages plus penalties. He then failed to appeal the determination by the January 5, 1998, deadline. He had yet another opportunity to appeal to the Board of Personnel Appeals by filing a notice postmarked by February 10, 1998. Miller did not avail himself of this right to appeal. He contends that he thought such an appeal would be redundant since he would only be repeating his prior, untimely response to Hancock's claim.**

**¶10. Generally, cases are to be tried on the merits and judgments by default are not favored. *See* Little Horn State Bank v. Real Bird (1979), 183 Mont. 208, 210, 598 P.2d 1109, 1110. When a court denies a motion to set aside a default judgment, a showing of "no great abuse of discretion" is sufficient to warrant a reversal. Lords v. Newman (1984), 212 Mont. 359, 366, 688 P.2d 290, 294; Twenty-Seventh Street, Inc. v. Johnson (1986), 220 Mont. 469, 471, 716 P.2d 210, 211 ("slight abuse of discretion" standard). Although there was no judicial entry of default judgment in the present matter, there was an administrative entry of default. Thus, we determine that the "slight abuse of discretion" test is the appropriate standard of review.**

**¶11. In reviewing rulings under Rule 60(b), M.R.Civ.P., the appellant must show "good cause" for setting aside the default together with the existence of a**

"meritorious defense." Maulding v. Hardman (1993), 257 Mont. 18, 23, 847 P.2d 292, 296. Even assuming, *arguendo*, that Miller had a meritorious defense to the wage claim, the reasons that he has proffered for his failure to respond do not amount to good cause. Miller has not shown any surprise, inadvertence, mistake, or excusable neglect which would warrant relief under Rule 60(b)(1), M.R.Civ.P.

¶12. We have held that relief under Rule 60(b)(6), M.R.Civ.P., should only be granted under "extraordinary circumstances." In re Marriage of Miller (1993), 260 Mont. 15, 22, 858 P.2d 338, 342. We agree with the District Court that Miller's claims of stress and confusion do not rise to the level of "extraordinary circumstances" warranting relief under Rule 60(b)(6), M.R.Civ.P.

¶13. We hold that the District Court did not abuse its discretion, even slightly, in denying Miller's motion to set aside the default judgment. The judgment of the District Court is affirmed.


/S/ W. WILLIAM LEAPHART


We concur:


/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER

/S/ WILLIAM E. HUNT, SR.